UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

---------------------------------------------------------------X
:
MALIBU MEDIA, LLC,                                             :
                                                               :    Civil Action No. <u>1:14-cv-493-TSB</u>
                              Plaintiff,                       :
                                                               :
             vs.                                               :
                                                               :
JOHN DOE subscriber assigned IP address                        :
65.189.10.120,                                                 :
                                                               :
                              Defendant.                       :
                                                               :
---------------------------------------------------------------X

### PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH

**I.   INTRODUCTION**

In Defendant's Reply, Defendant raises for the first time three new arguments: (1) Plaintiff should be denied discovery pursuant to Fed. R. Civ. P. 26; (2) Plaintiff filed the suit with an improper purpose; (3) Plaintiff cannot relate back its Complaint. All of these arguments lack merit. Plaintiff should not be denied discovery because receiving the subpoena response from Defendant's ISP is necessary to show that Defendant is the correct party and the ISP correctly correlated Defendant to the infringing IP address. And, Plaintiff and the Court will be inconvenienced by waiting to identify the Defendant. Additionally, Plaintiff's suit was filed for a proper purpose and Plaintiff should be allowed to determine whether it is reasonable to proceed against Defendant. Finally, Defendant's claim that Plaintiff may not relate back its Complaint is irrelevant as to whether Plaintiff may take discovery to learn the identity of the infringing party. For the foregoing reasons, as set forth below, Plaintiff respectfully requests the Court deny Defendant's motion.

1

## II.   ARGUMENT

### A. Discovery from the ISP is Necessary for Plaintiff to Prove its Case

*1. Discovery from the ISP Demonstrates that the ISP Correlated the IP Address to a Subscriber*

Defendant's argument that the Court should not allow Plaintiff to take discovery pursuant to Fed. R. Civ. P. 26 because the discovery is unnecessary lacks merit. The discovery response from Time Warner is necessary for Plaintiff to ultimately prove its case. It is evidence that Time Warner correctly correlated the IP address to Defendant and Defendant is the owner of the Internet account used to infringe Plaintiff's movies.

Fed. R. Civ. P. 26 states that the Court must limit the frequency or extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id*. Receiving Defendant's identity from Defendant is not more convenient because Defendant is not willing to provide Plaintiff with this information until after service of process and an answer is filed. Plaintiff and the Court will be inconvenienced if Plaintiff does not know the person it is suing. If Plaintiff is forced to wait to learn Defendant's identity until after Defendant files an answer, additional motion work may be necessary, such as a motion to dismiss, motion to substitute or join parties, and motion for attorneys fees. And, if Defendant is substituted for a son, brother, husband, or other party, the proceedings will be delayed. If Plaintiff receives Defendant's identity now, the extra motion work could be avoided by allowing Plaintiff to investigate and name the proper party.

*2. Defendant Lacks Standing to Object on the Basis of a Burden on the ISP*

Defendant does not have standing to argue that the discovery sought by Plaintiff is unreasonably duplicative, inconvenient, burdensome or expensive because Defendant is not

being asked to produce any discovery. Time Warner is the one responding to the subpoena and they have not objected to compliance. *See Vision Films Inc. v. Does 1-41*, 3:13-CV-128, 2013 WL 5943941 (E.D. Tenn. Nov. 5, 2013) ("The Sixth Circuit has observed that '[o]rdinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought"); *TCYK, LLC v. Does 1-47*, 2:13-CV-539, 2013 WL 4805022 (S.D. Ohio Sept. 9, 2013) ("[O]nly the entity responding to the subpoena has standing to challenge the subpoena on the basis of undue burden"); *Malibu Media, LLC v. John Does No. 1-30*, CIV.A. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012) ("Defendants' argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants and accordingly does not require them to produce any information or otherwise respond.")

Here, Defendant does not face any burden, expense, or inconvenience from Plaintiff receiving Defendant's name from his ISP.

B. <u>Malibu Media Files Suits for a Proper Purpose</u>

  1. *In Nearly Every Case filed by Plaintiff, the Infringer is Either the Subscriber or an Authorized User Known to the Subscriber*

Unlike other BitTorrent copyright infringement lawsuits, Plaintiff knows that the infringer of the IP address in its Complaint is either the subscriber, or someone who had longstanding, consistent, habitual access to the subscriber's Internet. This is because, like in this case, Malibu Media only files suit against the worst of the worst infringers who have infringed its movies over a longstanding period of time. *See* Complaint Exhibit A. In most cases, the subscriber is the infringer. Indeed, the subscriber is the one who pays for Internet and therefore

3

is the most likely person to use it. But, in some cases, it is a household member or authorized user, such as a son, grandson, husband, wife, boyfriend, etc.

In most cases, Plaintiff will serve the subscriber and proceed with its case. But, in every case, before serving the subscriber, Plaintiff determines whether it has a good faith basis to do so. This is done by determining whether there are multiple residents in the household, and whether Plaintiff's evidence of infringement of its movies (specifically, the dates and times, and length of infringement) match one household member over another, and whether Plaintiff's additional evidence matches any hobbies or interests that are available for the subscriber on its public social media pages.

Defendant's argument that Malibu Media's suit was filed for an improper purpose lacks merit. Defendant states that because Malibu Media will not blindly serve a defendant, it has no intent to litigate. *See* CM/ECF 10 at *6-8. This argument is disingenuous. Courts have cautioned Malibu Media to not proceed against a defendant it does not have a good faith basis to do so. *See e.g. Malibu Media v. John Doe*, 13-cv-2707 (D. Md. July 14, 2014) ("I find that Malibu MAY AMEND the Complaint to name a person other than the Subscriber as the defendant in this case (and, in fact, I note that Malibu likely is required to do so by Fed. R. Civ. P. 11 if it no longer believes that it has named the proper defendant")). And, Malibu Media has a policy of not proceeding against certain defendants. *See* Declaration of Colette Field CM/ECF 2-2 ("We do not pursue our claims against all Doe Defendants. For example, once receiving discovery, we may learn that some Doe Defendants are on active duty in the military, a coffee shop with open wireless, or have some other circumstance that would prevent us from pursuing our claims"). Malibu Media should not be forced to serve someone who may be a 90 year old grandmother, when her 30 year old grandson, who lives in her household and takes care of her, is

4

the most likely person responsible for the infringement. This cannot be construed as aligned with the purposes of the Copyright Act. Allowing Plaintiff to identify Defendant prior to service is not only just and logical, but also judicially efficient.

   2. *Defendant is Playing a Game of "Gotcha" Litigation*

Defendant is attempting to play a game of "gotcha" litigation. Defendant claims that the Court must have both parties on "equal footing" by prolonging Malibu's discovery until after the 26(f) conference and Defendant has been served. But, Defendant already knows the name of the party that he is litigating against. Malibu is just trying to learn that information.

Defendant states: "[w]e learn that Malibu Media seeks the information not to serve the Defendant, but so it may conduct an unfettered assessment of the strength of its case and ostensibly, the assets of the Defendant before proceeding any further." CM/ECF 10, p 7. Malibu seeks the information to ensure it is proceeding against the right defendant and assess its case. Assessing a case before proceeding is not an improper purpose. Indeed, if a lawyer proceeded against a defendant without evaluating the strength of the case on behalf of his client, or the likelihood of recovery before expending the client's funds, that lawyer would commit malpractice. It is also not judicially efficient to force a party to litigate a bad case.

Defendant also notes: "There can be no dispute that Malibu Media told the Court that with the results of the subpoena in hand it would be able to 'identify' the Defendant and serve process." CM/ECF 10 p. 6. This is true. With the subpoena response, Plaintiff will conduct an independent investigation and review its evidence and determine that the subscriber is the correct party to serve with process. Plaintiff is not seeking any additional discovery, it simply wants to know who it is suing before serving a defendant. It is in the best interests of Plaintiff, Defendant, and the Court to allow Plaintiff to assess its case knowing Defendant's identity. If Defendant is a

minor, indigent, elderly, active duty military, or has some sort of extenuating circumstance where Plaintiff does not wish to proceed, it is nonsensical to require the extra litigation. Prior to Defendant filing an answer or summary judgment, Plaintiff has an absolute right to dismiss its case without court order against Defendant. *See e.g. EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cnty., Ky.*, CIV.A. 12-58-ART, 2012 WL 3644968 (E.D. Ky. Aug. 24, 2012) citing Fed. R. Civ. P. 41 ("That rule gives plaintiffs an absolute right to 'dismiss an action without court order'").

Defendant's claim of highly intrusive discovery is also misplaced. Plaintiff is not seeking any discovery other than the limited discovery set forth in its motion for leave, namely the Defendant's name and contact information. Once Defendant is served, Plaintiff will engage in discovery like any other litigant. If Defendant raises the defense that his wi-fi was hacked by a neighbor, Plaintiff will depose his neighbors during the course of regular discovery. This is not for any other purpose than to defeat potential defenses and prove its case. Plaintiff did not make any misrepresentations to the Court. At this time it is suing Defendant and it is seeking limited discovery. Defendant cannot possibly be prejudiced by Plaintiff learning his name now rather than during the course of discovery.

> 3. *Plaintiff Will Not Object to Procedural Safe Guards by the Court to Protect Defendant*

If the Court has concerns that Plaintiff does not intend to litigate, Plaintiff welcomes the opportunity to provide the Court with a full status report and explanation as to its choice to proceed against Defendant, proceed against another individual in Defendant's household, or not proceed, after it receives Defendant's identity. Further, Plaintiff will not object to procedural safeguards set forth by the Court so long as Plaintiff is given a fair opportunity to protect its copyrights, learn Defendant's identity prior to service, and proceed with its case. Other courts

have similarly established safeguards for Defendant which Plaintiff did not oppose. As an example, the District Court of Maryland has allowed all defendants to initially proceed anonymously and has ordered that Plaintiff may not contact an unrepresented defendant.

> [T]he Court fashioned a unique procedure that Malibu must follow in order to pursue this discovery. *See* ECF No. 6. The Court's standard order in these cases (1) creates a procedure for ISP subscribers to anonymously move to quash the subpoena served on the ISP, (2) includes provisions prohibiting Malibu from contacting unrepresented John Does for settlement negotiations, and (3) specifies other protections for subscribers. To the best of this Court's knowledge, Malibu has complied with these procedures and this Court is unaware of any allegations of abuse in this district.

*Malibu Media, LLC v. Doe*, 14-CV-00223-MJG, 2014 WL 4682793 (D. Md. Sept. 18, 2014). Here, Plaintiff will not object to Defendant proceeding anonymously through discovery and as a policy, never solicits settlements from a defendant prior to service. The only time Plaintiff ever settles a claim prior to service is when a defendant contacts Plaintiff.

Similarly, the Honorable Judge Shadur of the Northern District of Illinois sought a status report from Plaintiff of its cases in that district. *See Malibu Media v. John Doe*, 14-cv-00693 (N.D. Il. April 6, 2014). In that report Plaintiff detailed the number of suits filed and the status of each suit in that district, including settlements, litigation, dismissals, and defendants represented by counsel. Plaintiff welcomes the opportunity to further inform the Court of the status of any of its cases in this district, or nationwide. Plaintiff desires to litigate in good faith and should the Court wish to establish procedural safeguards, Plaintiff will not object so long as it can identify Defendant prior to suit and move forward with its suit in good faith.

C. <u>Relating Back the Complaint is Irrelevant to Whether Malibu Can Take Early Discovery</u>

Finally, Defendant's new argument that Malibu Media may not be able to relate back the Complaint lacks merit. If Defendant is not the infringer but it is instead someone in his household, Plaintiff will add the other party and dismiss Defendant. Whether Plaintiff can relate

back its Complaint is not relevant to whether this Court should allow Plaintiff to proceed with early discovery.

## III. CONCLUSION

For the foregoing reasons Plaintiff respectfully requests the Court deny Defendant's Motion to Quash.

DATED: October 9, 2014.

Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

 /s/ *Yousef M. Faroniya*
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax: (614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ *Yousef M. Faroniya*
    Yousef M Faroniya