# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action No. 1:14-cv-493 |
| vs. | ) |
| JOHN DOE subscriber assigned IP address 65.189.10.120, | ) |
| Defendant. | ) |

## OPPOSITION TO NOTICE OF SUPPLEMENTAL AUTHORITY

Following the completion of briefing on Defendant's motion to quash, Plaintiff filed a notice of supplemental authority [ECF No. 18], violating Local Rule 7.2(a)(2) by failing to seek leave of Court before filing additional legal arguments.

In its notice, Plaintiff proffers an order issued in *Malibu Media, LLC v. John Doe*, No. 14-cv-923 (E.D. Wisc. Nov. 4, 2014) on the grounds: 1) "Judge Callahan … denied a motion to quash based on nearly identical arguments as in Defendant's motion to quash"; and 2) "[s]pecifically, Judge Callahan found that an attorney's willingness to accept service was not grounds to quash a subpoena issued to Time Warner Cable in an online BitTorrent infringement action. "

To the contrary, the order does not speak to these assertions at all.

Judge Callahan's denial of the motion to quash was premised upon the following arguments made by the defendant.

> "First, the defendant argues that, because the "hits" occurred so close in time to each other, it would make it unlikely that a complete copy of a digital movie was uploaded. And, according to the defendant, "[t]he exchange of one 'bit' does not prove infringement of a copyrighted movie." (Def.'s Mot. 4.) The defendant also argues that the subscriber of the identified IP address may not even be the actual infringer. Finally, the defendant argues that the subpoena infringes the subscriber's privacy interests and puts him/her at risk for harassment and coercion."

ECF No. 8-1 at 1.

Defendant's "nearly identical" motion to quash before this Court raises *none* of the arguments which served as a basis for Judge Callahan's denial. Defendant herein moved to quash the subpoena on the grounds that 1) at this stage, the Defendant's identity is not necessary for Malibu Media to

effectuate service; and 2) there exist alternative means for obtaining the Defendant's identity during the discovery process.[1] ECF Nos. 8 & 11. In addition, there is every indication Plaintiff seeks the subpoenaed information for an improper purpose and has made knowing misstatements to obtain it. ECF No. 11 at 6-7.

More importantly, there was no 'finding' "that an attorney's willingness to accept service was not grounds to quash a subpoena." Rather, "[b]ecause the defendant's motion to quash [was] being denied, the court reject[ed] defense counsel's proposal to allow him to accept service for the defendant in lieu of" allowing the subpoena. ECF No. 8-1 at 3.

Dated: November 7, 2014

/s/ Jason E. Sweet
Jason E. Sweet
BBO# 668596
Booth Sweet LLP
32R Essex Street
Cambridge, MA 02139
T: 617.250.8619
F: 617.250.8883
jsweet@boothsweet.com

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

/s/ Jason E. Sweet

---

[1] Plaintiff's most recent contention concerning the issue is that "Defense counsel claims it will accept service, but has not provided any proof or evidence that it even represents the proper defendant in this case." ECF No. 17 at 1. As an initial matter, Plaintiff itself has admitted it doesn't even know who the proper defendant is. ECF No. 8 at 5-6; ECF No. 11 at 7-8. Secondly, Plaintiff was more than willing to accept the Defendant as "proper" and the undersigned as his representative when it thought a settlement was in hand. ECF No. 8-1. To argue otherwise at this point is duplicitous.