UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | Case No. 1:14-cv-493 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| JOHN DOE subscriber assigned | : | |
| IP address 65.189.10.120, | : | |
| | : | |
| Defendant. | : | |

**ORDER:
(1) DENYING DEFENDANT'S MOTION TO QUASH PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE AS MOOT (Doc. 8);
(2) GRANTING PLAINTIFF'S FIRST MOTION FOR EXTENSION OF TIME WITHIN WHICH IT HAS TO EFFECTUATE SERVICE ON JOHN DOE DEFENDANT (Doc. 15); AND
(3) STRIKING PARAGRAPHS 25-28 FROM PLAINTIFF'S COMPLAINT**

This civil action is before the Court on Defendant's[1] Motion to Quash Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference as Moot (Doc. 8), Plaintiff's Motion for Extension of Time Within Which It Has to Effectuate Service on John Doe Defendant (Doc. 15), and parties' responsive memoranda (Docs. 9, 10, 14, 16, 17).

### I. RELEVANT BACKGROUND

This is a copyright infringement suit in which Plaintiff Malibu Media, LLC alleges that Defendant has infringed thirty of its copyrighted works by downloading or sharing

---

[1] The Court refers to the movant as "Defendant" and with masculine pronouns purely for purposes of clarity. As is discussed more fully herein, the term is potentially a misnomer because Plaintiff has not completed service of process on the person it believes is the infringer.

them through the BitTorrent peer-to-peer file sharing system.  Plaintiff identifies the Defendant as John Doe subscriber assigned Internet Protocol address ("IP address") 65.189.10.120 and alleges that Time Warner Cable is his internet service provider ("ISP").  Plaintiff filed a Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference on June 13, 2014, seeking to serve a subpoena on the ISP to obtain the name, address, telephone number, and email address of the internet subscriber assigned IP address 65.189.10.120.  (Doc. 2).  Plaintiff asserted it established good cause for early discovery because serving a subpoena on the ISP was the only way to learn Defendant's identity in order to complete service of process.  The Court granted the motion on June 16, 2014.  (Doc. 4).  Pursuant to 47 U.S.C. § 551(c)(2)(B), the Order permitted the ISP to notify the subscriber of the third-party subpoena.  (*Id.* at 2).

On August 22, 2014, counsel representing the internet subscriber assigned IP address 65.189.10.120 filed a motion to quash on behalf of the anonymous Defendant.[2]  (Doc. 8).  After briefing on Defendant's motion was completed on October 9, Plaintiff filed its motion for an extension of time to complete service on October 13, 2014.  (Doc. 15).

---

[2] Defendant's motion refers to Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. 2) as "pending" and argues that "the motion for leave to take expedited discovery should be denied."  Because the Court granted Plaintiff's motion and Plaintiff has served the ISP with the third-party subpoena, the Court construes Defendant's motion as a motion to quash the subpoena and otherwise addresses the merits of Defendant's arguments.

## II.     STANDARD OF REVIEW

A motion to quash or modify a subpoena is governed by Fed. R. Civ. P. 45(d)(3). First, subsection (A) provides that the Court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Further, the Court "may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

The movant bears the burden of persuasion. *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). "A party generally lacks standing to seek to quash a subpoena issued to a nonparty." *Id.* at 253 n.1. Limited exceptions exist if the party "claims some personal right or privilege with regard to the documents sought." *Mann v. Univ. of Cincinnati*, Nos. 95-3195, 95-3292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997) (per curiam). "Such rights or privileges have been recognized with respect to personal bank records, information in a personnel file, corporate bank records, or Indian tribal records." *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, 1:11-cv-851, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013).

3

### III.  ANALYSIS

Defendant argues that the Court should quash the subpoena as moot because: (1) Plaintiff can obtain Defendant's identity through alternative means such as initial disclosures or interrogatories; (2) Plaintiff no longer needs to learn Defendant's identity from the ISP in order to complete service because counsel is authorized to accept service on behalf of Defendant; and (3) Plaintiff seeks the subpoenaed information for an improper purpose.

First, Defendant's objections do not fall into the limited category of rights or privileges that provide a party with standing to file a motion to quash a subpoena issued to a nonparty. *Davis*, 2013 WL 146362, at *5. The subpoenaed information —name, address, telephone number, and e-mail address—is information that Defendant shared with his ISP and does not provide a basis to quash the subpoena based on privilege or privacy interests. *Breaking Glass Pictures v. John Does 1–32*, No. 2:13-cv-849, 2014 WL 467137, at *4 (S.D. Ohio Feb. 5, 2014).

Second, Defendant argues that the subpoena is moot or seeks evidence outside the scope of discovery because the subpoenaed information can be produced more efficiently and less intrusively from Defendant by initial disclosures or interrogatories. Defendant cites a line of cases that invoke Rule 26(b)(2)(C)(i) in the context of a motion to quash a subpoena served on a nonparty when the same information is available from the opposing

party through discovery requests.[3] *See, e.g.*, *Hilton-Rorar v. State & Fed. Commc'ns, Inc.*, No. 5:09-cv-1004, 2010 U.S. Dist. LEXIS 864, at *6-7 (N.D. Ohio Jan. 5, 2010). Although the scope of discovery in Rule 26 applies to third-party subpoenas issued under Rule 45, this does not eliminate the threshold standing requirement that only the nonparty or a party with a personal right or privilege in the subpoenaed information may challenge a third-party subpoena. *Nat'l Benefit Programs, Inc. v. Express Scripts, Inc.*, No. 2:11-mc-14, 2011 U.S. Dist. LEXIS 72560, at *7 (S.D. Ohio July 5, 2011) (proceeding to the merits of a motion to quash filed by a party only after finding that the party had standing to challenge the subpoena because "the documents in question contain sensitive financial information and were produced in a divorce proceeding subject to protective and confidentiality orders"). Here, the ISP, not Defendant, is the person subject to the subpoena and Defendant cannot assert the protections of Rule 26(b)(2)(C) because "only the entity responding to the subpoena has standing to challenge the subpoena on the basis of undue burden." *TCYK, LLC v. Does 1–47*, 2:13-cv-539, 2013 WL 4805022, at *5 (S.D. Ohio Sept. 9, 2013).

Further, these cases are almost exclusively ancillary proceedings in which the party serving the third-party subpoena failed to request the subpoenaed information from its party opponent in the underlying out-of-district litigation. *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (applying the rule that "the need for discovery in an ancillary proceeding is diminished when the information is available

---

[3] Rule 26(b)(2)(C)(i) provides that the Court must limit the scope of discovery when "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive."

elsewhere" and holding that "the district court could properly require Herman Miller to seek discovery from its party opponent before burdening the nonparty Allsteel with this ancillary proceeding."). Ancillary proceedings often present issues of comity, forum shopping, and judicial economy, such as when a party serves a third-party subpoena in an attempt to circumvent the traditional discovery process or preempt an unfavorable ruling in a pending discovery dispute. *See, e.g.*, *Prosonic Corp. v. Baker*, 2:08-mc-7, 2008 U.S. Dist. LEXIS 36035, at *3-5 (S.D. Ohio Apr. 7, 2008) (suspending any ruling on cross motions to enforce and quash a subpoena in an ancillary proceeding because the court in the underlying action was overseeing a discovery dispute between the parties over the subpoenaed documents).[4] This action does not present these concerns and, as is discussed below, the Court has doubts about whether Plaintiff can use traditional discovery process without knowing Defendant's identity.

Counsel for Defendant asserts that he is authorized the receive service of process for his client and on that basis urges the Court to quash the subpoena and deny Plaintiff's motion for extension of time to complete service. Counsel presumably relies on Rule 4(e)(2)(C), which provides that a plaintiff may serve an individual defendant with the summons and complaint by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." However, Plaintiff will be unable to complete a valid summons for issuance by the Clerk or file a valid waiver if it does not

---

[4] *See also Nat'l Benefit Programs, Inc.*, 2011 U.S. Dist. LEXIS 72560, at *8-9 (staying a ruling on a motion to quash in an ancillary proceeding because a motion for a protective order covering the subpoenaed documents was pending in the underlying action).

know Defendant's name.  Fed. R. Civ. P. 4(a), (b), (d).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.  Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (internal quotation marks omitted).  This Court may not excuse defective service of process, notwithstanding Defendant's knowledge of the lawsuit:

> The Federal Rules of Civil Procedure provide a very specific method for apprising a defendant of a lawsuit and conferring a court's jurisdiction over him.  *See* Fed. R. Civ. P. 4.  That method was not followed here.  We do not have the option of looking past that failure, even though it was harmless in light of Taylor's full awareness of the lawsuit.

*King v. Taylor*, 694 F.3d 650, 656 n.1 (6th Cir. 2012).  "Service of process on a party's attorney of record is not valid, unless it is shown that the attorney had actual authority to accept service."  *Collins v. Ohio Dep't of Job & Family Servs.*, 2:05-cv-461, 2007 WL 895067, at *3 (S.D. Ohio Mar. 22, 2007).  Plaintiff would have no way to make this showing and the Court would be unable to confirm proper service or numerous other jurisdictional issues.  *See Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) ("[W]ithout the identifying information sought by plaintiffs in the Cablevision subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants.").

Defendant's argument that any amended complaint would not relate back under Rule 15(c)(3) is not relevant because there are no statute of limitations concerns.  It also

7

serves to undermine his proposed method for service of process because failure to name a "John Doe" defendant presents "a fundamental service-of-process problem, not a technical relation-back problem involving Rule 15(c)." *Petty v. County of Franklin*, 478 F.3d 341, 346 n.2 (6th Cir. 2007). "Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). This means that Plaintiff must amend its complaint after learning Defendant's name. Defendant is not and cannot be a proper party subject to this Court's jurisdiction until he is served in accordance with Rule 4, and Plaintiff cannot complete valid service of process without knowing Defendant's name.[5] *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968) ("Nor can the defendants who were added by the amendment be deemed to have been parties to the original complaint under the fictitious designation of 'Does.' The action was never commenced as to the 'Does' because they were not identified nor served with process.").

The Court of Appeals has held that even though "John Does # 1 and # 2 in this case could reasonably have been expected to know of [plaintiff]'s suit . . . that is not enough to make them parties to the lawsuit without their being specifically named." *Petty v. County of Franklin*, 478 F.3d 341, 346 (6th Cir. 2007). Defendant is not specifically named, which is a prerequisite to becoming a party to this action. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise

---

[5] Although "[p]laintiffs are permitted to bring suit against unnamed 'John Doe' defendants until discovery or other information reveals the identity of the party," *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010), this presupposes the presence of at least one named defendant to allow the action to commence and to whom the plaintiff may serve discovery requests. This rationale does not apply in a single defendant case.

8

personal jurisdiction over a named defendant." *King*, 694 F.3d at 655. And "[w]ithout personal jurisdiction over an individual, . . . a court lacks all jurisdiction to adjudicate that party's right, whether or not the court has valid subject matter jurisdiction." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).

> In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend. Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) (citations omitted). The crack in the foundation of Defendant's argument—that the Court should quash the subpoena because Plaintiff can serve counsel and subsequently obtain his identity through discovery requests—is that Plaintiff cannot serve discovery requests without first bringing Defendant under this Court's jurisdiction by valid service of process, which in turn requires knowledge of Defendant's identity. This circular logic does not present grounds for quashing the subpoena.

Even if this Court would have jurisdiction over Defendant, it is not proper for Defendant to proceed completely anonymously to Plaintiff and its counsel, as opposed to permitting Defendant to proceed under a pseudonym or fictitious name on the public docket. "As a general matter, a complaint must state the names of all parties." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing Fed. R. Civ. P. 10(a)). The Court of Appeals has recognized that "we may excuse *plaintiffs* from identifying themselves in

9

certain circumstances" and permit them to proceed pseudonymously when "privacy interests substantially outweigh the presumption of open judicial proceedings." *Id.* (emphasis supplied). Several factors guide that determination:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* A plaintiff wishing to proceed pseudonymously must follow a particular procedure:

> Ordinarily, a plaintiff wishing to proceed anonymously files a protective order that allows him or her to proceed under a pseudonym. In this case, however, the docket sheet does not reflect any motion or proceeding dealing with whether the three anonymous plaintiffs could proceed under pseudonyms. Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because, as the Tenth Circuit has held, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."

*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636-37 (6th Cir. 2005) (quoting *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)). This Court similarly lacks jurisdiction over the unnamed Defendant and a case has not been commenced against him.

Additionally, when determining whether to permit a plaintiff to proceed pseudonymously, "[i]t is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Marsh*, 123 F. App'x at 636. At a bare minimum, counsel must have full access to the opposing party's information and identity. *Porter*, 370 F.3d at 561 (stressing that a protective order allowing plaintiffs to proceed pseudonymously "placed

10

no limitation on defense counsel's scope of discovery" and counsel were fully apprised of plaintiffs' names and other relevant information). Here, Plaintiff and its counsel would lack even the most basic knowledge—the identity of its party opponent. That is clearly insufficient information.

Courts in similar copyright infringement actions regularly address concerns about publicly identifying the subscriber by entering a protective order or otherwise allowing the subscriber to proceed pseudonymously on the public docket. However, the plaintiff always has knowledge of the subscriber's identity. *See, e.g.*, *Sunlust Pictures, LLC v. Does 1–75*, No, 12-cv-1546, 2012 WL 3717768, at *5 (N.D. Ill. Aug. 27, 2012) (permitting a subscriber to proceed anonymously and noting that the plaintiff "will not be unfairly prejudiced because it will know Doe's true identity and can prosecute any claims that have legal merit. The only consequence to [plaintiff of] proceeding anonymously will be diminution of the threat of publicly disclosing Doe's identity (thereby embarrassing Doe) as leverage to force a settlement"). This procedure protects against the danger of public identification because the subscriber is not necessarily the infringer from whom Plaintiff seeks to recover, while also permitting plaintiff to prosecute its claim. *See, e.g.*, *IO Grp., Inc. v. Does 1–19*, No. 10-cv-3851, 2011 WL 772909, at *2 (N.D. Cal. Mar. 1, 2011) (entering a "protective order prohibiting plaintiff from publicly disclosing the identity of the Subscriber whose IP address was allegedly used by Doe 4 to infringe plaintiff's work"). The court highlighted that "Subscriber's identifying information was disclosed to plaintiff[] pursuant to the [ISP] subpoena" and granted the

11

plaintiff additional time to complete service of process because "the fundamental issue faced by the Court is that Doe 4 has not been identified and has not been served." *Id.*

Here, the Court is also faced with the fundamental issue that Defendant has not been identified and served.[6] Plaintiff's third-party subpoena seeks limited and specific information from the ISP in order to identify and serve Defendant. The appearance of Defendant's counsel and his purported authority to accept service on behalf of his anonymous client does not moot the subpoena or provide grounds to quash it.[7] It also does not provide grounds for denying Plaintiff's motion for an extension of time to effectuate service. Rule 4(m) provides that the Court must extend the 120-day limit for service if the plaintiff shows "good cause." Plaintiff advises the Court that the ISP will not comply with the subpoena until resolution of the motion to quash. However, Plaintiff waited until the final day to file its motion for extension of time despite knowing much earlier that it would be unable to comply. The consequence of failure to complete timely service of process under Rule 4(m) is dismissal without prejudice, and Plaintiff is likely to simply refile its case. The interest of judicial economy, albeit not directly relevant to Plaintiff's burden to show good cause, favors granting the extension. Upon consideration

---

[6] Plaintiff indicates that it "will not object to Defendant proceeding anonymously through discovery." (Doc. 14 at 7).

[7] Defendant also argues that requiring him to proceed without anonymity would moot the relief he seeks and provide Plaintiff with a backdoor route to the subpoenaed information. (Doc. 8 at 2); *see Sunlust Pictures, LLC v. Cisa*, No. 12-cv-656, 2012 WL 5187837, at *3 (D. Colo. Oct. 19, 2012). However, the Court has permitted Defendant to proceed anonymously at this stage and addresses the merits of his requested relief. *Cinetel Films, Inc. v. Does 1–1,052*, 853 F. Supp. 2d 545, 547 n.2 (D. Md. 2012) (rejecting plaintiff's argument that "these motions [to quash] should be denied in their entirety because defendants' lack of identifying information renders the motions procedurally defective" and instead making a "procedural decision allowing these early motions to proceed anonymously when there is little if any harm to the plaintiffs").

of the record as a whole, the Court concludes that Plaintiff has shown good cause for an extension of time.[8]

## IV.   ADDITIONAL EVIDENCE

Finally, the Court *sua sponte* raises what appears to be a remnant of one of Plaintiff's particularly controversial litigation practices. Plaintiff's complaint makes the seemingly off-hand allegation that IPP International UG logged Defendant's IP address distributing 2,732 third-party files through BitTorrent. (Doc. 1 at ¶ 25). Plaintiff euphemistically describes this as "additional evidence" that Defendant is a persistent BitTorrent user and that "[m]any of the titles to the third party works may also be relevant to proving Defendant is the infringer because they correlate to the Defendant's hobbies, profession, or other interests." (*Id.* at ¶¶ 27-28). Plaintiff advises that it has this "additional evidence" on a separate document and gratuitously offers to produce it upon request. (*Id.* at ¶ 26).

Plaintiff presumably did not attach this document to its complaint because its lawyers have been sanctioned for the same.[9] *Malibu Media LLC v. Doe*, No. 13-cv-205, 2013 WL 4821911, at *1 (W.D. Wis. Sept. 10, 2013). This attachment, the sequentially numbered Exhibit C, "consistently includes far more disturbing lewd, unusual and

---

[8] The parties spill significant ink expressing their respective views on whether Plaintiff has an "improper purpose" in this action and in its thousands of other actions nationwide, utilizing everything from unverifiable statistics to discrete examples. The Court declines to conduct an assessment of Plaintiff's nationwide litigation practices and only addresses issues presented or observed in this action. *See infra* Section IV.

[9] After several courts issued sanctions, Plaintiff "instructed counsel nationwide to never file Exhibit C with a complaint again." *Malibu Media, LLC v. Doe*, No. 13-c-536, 2013 WL 6579338, at *4 (E.D. Wis. Dec. 12, 2013).

13

unredacted titles of pornographic films allegedly downloaded by the defendant than those belonging to plaintiff." *Id.* Courts concluded that the sole purpose of this exhibit was to "harass and intimidate defendants into early settlements by use of the salacious nature of others' materials, rather than the merit of its own copyright claims." *Id.*

Although Plaintiff did not attach Exhibit C to its complaint, references to its existence and thinly-veiled threats of its production demonstrate that "these cases are fraught with circumstances that could embarrass the putative defendant should they become public and strongly influence his or her decision to settle even a meritless suit just to make the case go away before being publicly associated with their client's film." *Malibu Media*, 2013 WL 4821911, at *5. The alleged infringement of third-party copyrights is "immaterial to the allegations in the complaint." *Malibu Media, LLC v. Tashiro*, No. 1:13-cv-205, 2013 U.S. Dist. LEXIS 125897, at *10 (S.D. Ind. Sept. 4, 2013). Further, "the exhibit is merely a list of filenames, and it likely constitutes 'immaterial, impertinent, or scandalous matter' that should be stricken from the complaint." *Malibu Media, LLC v. Doe*, No. 13-c-213, 2013 WL 5876192, at *4 (E.D. Wis. Oct. 31, 2013) (quoting Fed. R. Civ. P. 12(f)).

Here, paragraphs 25-28 of the complaint allege that Defendant infringed the copyrights of third persons. Although such information may potentially be relevant to the identification of the true infringer at a later stage in the litigation, it is immaterial to Plaintiff's claim that Defendant infringed its copyrighted works. *Malibu Media, LLC v. Doe*, No. 2:13-cv-99, 2013 U.S. Dist. LEXIS 164834, at *8-10 (N.D. Ind. Nov. 19, 2013). Pursuant to Fed. R. Civ. P. 12(f), the Court acting on its own may strike from a pleading

14

any "redundant, immaterial, impertinent, or scandalous matter."  The Court agrees that this case presents "special considerations" meriting exercise of this discretionary remedy.[10]  *Id.* at 15-16.  Accordingly, the Court **STRIKES** paragraphs 25-28 from the complaint.

### V.    CONCLUSION

For these reasons, Defendant's Motion to Quash Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference as Moot (Doc. 8) is **DENIED** and Plaintiff's Motion for Extension of Time Within Which It Has to Effectuate Service on John Doe Defendant (Doc. 15) is **GRANTED**.  Plaintiff must complete service of process by February 28, 2015.  The Court **STRIKES** paragraphs 25-28 of the complaint.  If the summons and its return disclose the Defenant's name and identifying information, Defendant shall file the same under seal.

**IT IS SO ORDERED.**

Date:  1/21/15                                      */s/ Timothy S. Black*
                                                    Timothy S. Black
                                                    United States District Judge

---

[10] *See also Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999) (providing that striking a portion of a pleading could be appropriate if the allegation is "clearly injurious to a party to the action because of the kind of language used or the allegations are unmistakably unrelated to the subject matter").