## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

_____ )
                                 )
MALIBU MEDIA, LLC,               )
                                 )
        Plaintiff,               )          No. 1:14-cv-00493-TSB
v.                               )
                                 )
John Doe subscriber assigned IP address )
65.189.10.120,                   )
                                 )
        Defendant.               )
_____ )

### DEFENDANT'S MOTION TO DISMISS PURSUANT TO Fed.R.Civ.P. 12(b)(5) & 41(b) AND OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE

### I. RELEVANT FACTS & PROCEDURAL HISTORY

On June 13, 2014, Plaintiff filed its Complaint and a Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, seeking to serve a subpoena on the ISP, Time Warner, to obtain the name, address, telephone number, and email address of the internet subscriber assigned IP address 65.189.10.120. *See* Docs. 1 & 2.

On June 16, 2014, the Court granted the motion. *See* Doc. 4. Pursuant to 47 U.S.C. § 551(c) (2)(B), the Order permitted the ISP to notify the subscriber of the third-party subpoena. *Id.,* p. 2.

As early as July 31, 2014, Plaintiff was aware the undersigned represented the Defendant and was authorized to accept service. *See e.g.* Doc. 8, p. 5; Doc. 11, pp. 1, 3, & 4.

On August 22, 2014, the undersigned filed a motion to quash on behalf of the anonymous Defendant. *See* Doc. 8. Briefing on Defendant's motion was completed on October 9, 2015.

On October 11, 2014, Plaintiff's initial 120 day period to effectuate service passed.

On October 13, 2014, Plaintiff filed its first motion for an extension of time to complete service. *See* Doc. 15.

On January 21, 2015, the Court granted Plaintiff an additional 38 days within which to complete service. *See* Doc. 20, p. 15 ("Plaintiff must complete service of process by February 28, 2015.").

On February 2, 2015, Time Warner gave the Plaintiff the Defendant's name, address, telephone number, and email address. *See* Ex. A.

On February 25, 2015, Plaintiff filed a motion for leave to file a summons and return of service under seal. *See* Doc. 21. The Court granted the motion the next day.

On Friday, February 27, 2015 at 6:30 pm—the eve of its second deadline to complete service—Plaintiff sent Defendant's counsel an email asking if he would consent to an extension of time. *See* Ex. B.

On Monday, March 2, 2015, Plaintiff filed its second motion for an extension of time within which to effectuate service. *See* Doc. 22.

## II. STANDARD OF REVIEW

Plaintiff's motion fails to cite any applicable law or regulation in support of its argument that the Court should extend, once again, the time within which to effectuate service. *See* Doc. 22. It is neither the Court's nor the Defendant's function to develop arguments on the Plaintiff's behalf. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."); *Meridia Prods. Liab. Litig. v. Abbott Labs.*, 447 F.3d 861 (6th Cir. May 11, 2006).

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a trial court may, upon motion, dismiss a complaint for failure to make proper service of process within the 120 days after the complaint is filed as required by Federal Rule of Civil Procedure 4(m). Rule 4(m) requires this Court to undertake a two-part analysis. *Stewart v. Tenn. Valley Authority*, 238 F.3d 424 (6th Cir. 2000).

> "First, the court must determine whether the plaintiff has shown good cause for failure to effect service. If he has, then "the court shall extend the time for service for an appropriate period." Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified period of time. The Court has discretion to permit late service even absent a showing of good cause."

*Saha v. Ohio State Univ.,* No. 06-cv-190, 2007 U.S. Dist. LEXIS 7442, *9-10 (S.D. Ohio Feb. 1, 2007) (internal citations omitted). *See also Wise v. Dep't of Defense*, 196 F.R.D. 52, 56 (S.D. Ohio 1999) (enumerating situations in which relief in the absence of good cause may be appropriate, such as when the refiled action would be time-barred, when the defendant evades service, and when *pro se* plaintiffs deserve protection). In the end, the determination of whether the Plaintiff has demonstrated

good cause is within the sound discretion of the Court. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991).

Likewise, Rule 41(b) of the Federal Rules of Civil Procedure provides that, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." That Rule also provides that, unless the District Court specifies otherwise, such a dismissal "operates as an adjudication on the merits." In *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359 (6th Cir. 1999), the Sixth Circuit discussed the standards which a District Court must apply when considering whether to dismiss a plaintiff's complaint pursuant to Rule 41(b):

> This court has been "reluctant to uphold the dismissal of a case … merely to discipline an errant attorney because such a sanction deprives the client of his day in court." *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992). Hence, "although the *Link* [*Link v. Wabash R.R.*, 370 U.S. 626 (1962)] principle remains valid, … we have increasingly emphasized directly sanctioning the delinquent lawyer rather than an innocent client." *Coleman v. American Red Cross*, 23 F.3d 1091, 1095 (6th Cir. 1994) (citation omitted). In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir. 1998). Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct. *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).

*Knoll*, 176 F.3d at 363. *See also Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (applying the same four factors when deciding whether the District Court had abused its discretion when dismissing a plaintiff's complaint with prejudice for failure to prosecute under Rule 41(b)).

### III. ARGUMENT

**A.  Plaintiff is not Entitled to a Discretionary Extension.**

"Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (*citing Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is Plaintiff's burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73.

In its motion, Plaintiff neither argues that it effected service within the time allowed by the Civil Rules nor that there is good cause for its continuing failure to effect service. *See* Doc. 22. *See also Humes v. City of Blue Ash*, No. 12-cv-960, 2013 U.S. Dist. LEXIS 156341, *9-10 (S.D. Ohio Oct. 31, 2013) (collecting cases) ("There is abundant authority supporting the dismissal of John Doe defendants when a plaintiff has failed to effect service of process on them within the 120 days required by Rule 4(m)."). Instead, Plaintiff contends that the Court, in its discretion should simply grant it a second 30-day extension of time in which to effect service—even in the absence of good cause. *Id*. This is not a case where the Plaintiff made diligent efforts to effect service but failed for some reason out of its control. None of the factors mentioned in the Advisory Committee Notes for Rule 4(m) are present here. *Wise*, 196 F.R.D. at 56-57. Plaintiff's action is not time-barred, Defendant has not evaded service, and Plaintiff is not appearing *pro se*. *Id.,* at 54. Instead, Plaintiff simply made no effort to serve the Defendant or request an extension before the deadline passed.

## B.  The *Knoll* Factors Compel Dismissal with Prejudice.

The first factor in *Knoll* is whether the party's failure to prosecute is due to willfulness, bad faith or fault. Here, Plaintiff has willfully failed to prosecute this litigation by failing to serve the Defendant on two separate occasions. In *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995),[1] this Circuit held that a party willfully fails to comply with an order when there is a conscious and intentional disregard of that order. Herein, it is inescapable that the Plaintiff consciously and intentionally disregarded this Court's orders.

The Plaintiff is represented by counsel and together have instituted no fewer than 179 cases in this District alone, therefore it can be presumed Plaintiff has some acquaintance with the rules of the judicial process and the consequences risked by their infringement. This is a matter the Plaintiff initiated the litigation; was well aware of the dates upon which service was to occur; did not file motions in advance of the respective due dates; and failed to complete service. Nevertheless, the Plaintiff, now asks for a third opportunity.

It bears emphasis that the current status of this litigation flows from the dilatory and obstructive actions of the Plaintiff, rather than being the responsibility of the Defendant.

---

[1] Although *Bass* arose out of the imposition of sanctions pursuant to Fed. R. Civ. P. 37, rather than dismissal for failure to prosecute under Rule 41(b), it is appropriate to apply the definition of willfulness set forth therein, given that the standards for the imposition of the sanction of dismissal under Rule 37 are the same as those which are applicable to dismissals under Rule 41(b). *Cf. Bank One of Cleveland v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990), *with Knoll, supra*.

"*Plaintiff waited until the final day to file its motion for extension of time* despite knowing much earlier that it would be unable to comply. The consequence of failure to complete timely service of process under Rule 4(m) is dismissal without prejudice, and Plaintiff is likely to simply refile its case. The interest of judicial economy, albeit not directly relevant to Plaintiff's burden to show good cause, favors granting the extension."

*See e.g.* Doc. 20, p. 12 (emphasis added). Moreover, the Plaintiff's conduct must be analyzed in the context of its tactics in matters related to this litigation …[2]

*Malibu Media v. Walker*, No. 14-cv-00728-TSB (S.D. Ohio)
a) 12/23/14: Complaint amended to name Walker.
b) 01/09/15: Moved for additional time to serve. Granted until 02/09/15.
c) 02/10/15: Moved for additional time to serve. Granted until 03/09/15.
d) 03/09/15: Moved for additional time to serve. Granted until 04/09/15.

*Malibu Media v. Jablonski*, No. 14-cv-00417-TSB (S.D. Ohio)
a) 08/08/14: Complaint amended to name Jablonski.
b) 09/15/14: Moved for additional time to serve. Granted until 10/14/14.
c) 11/18/14: Completed service.

*Malibu Media v. Steiner*, No. 14-cv-00186 (S.D. Ohio)
a) 09/22/14: Complaint amended to name Steiner.
b) 10/10/14: Moved for additional time to serve.

*Malibu Media v. Colvin*, No. 14-cv-01130 (S.D. Ohio)
a) 11/17/14: Complaint amended to name Colvin.
b) 12/04/14: Moved for additional time to serve. Granted until 01/04/15.

*Malibu Media v. Smith*, No. 14-cv-01136 (S.D. Ohio)
a) 11/06/14: Complaint amended to name Smith.
b) 12/04/14: Moved for additional time to serve. Granted until 01/01/15.
c) 01/05/15: Moved for additional time to serve. Granted until 02/04/15.

*Malibu Media v. Ramsey*, No. 14-cv-00718 (S.D. Ohio)
a) 12/15/14: Complaint amended to name Ramsey.
b) 01/07/15: Moved for additional time to serve. Granted until 02/07/15.
c) 02/10/15: Moved for additional time to serve. Granted until 03/07/15.

*Malibu Media v. Willey*, No. 14-cv-01533 (S.D. Ohio)

---

[2] There is every indication,, that in matters wherein no settlement is reached, Plaintiff deliberately withholds service in order to use the threat thereof as a bargaining ploy.

Failure to observe Rule 4(m) cannot be forgiven where plaintiff strategically flaunts the Rule's obligations, and then, having failed tactically, requests the court to relieve him from the consequences of his own strategic failure.

*Sprader v. Goodson,* No. C2-00-946, 2001 U.S. Dist. LEXIS 23793, *17 (S.D. Ohio April 17, 2001).

        a)  02/10/15: Complaint amended to name Willey.

        b)  02/23/15: Moved for time additional to serve.

… as well as the present matter.

As noted above, Plaintiff knew the Defendant's identity as of February 2, 2015. Yet Plaintiff, contrary to the Court's order, 1) did not serve the Defendant; 2) nor seek leave to amend the complaint under seal—and the time to do so has passed. *See* Doc. 20, p. 8 ("[T]his means that Plaintiff must amend its complaint after learning Defendant's name."). *See also* Fed.R.Civ.P. 15(a) (2); *Reed-Baglia v. County of Summit*, No 09-cv-352, 2010 U.S. Dist. LEXIS 16337, *13-14 (N.D. Ohio Feb. 24, 2010) (citations omitted); *Bufalino v. Michigan Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968); *Petty v. Cty. of Franklin*, 478 F.3d 341, 345-46 (6th Cir. 2007) (affirming district court's dismissal of unnamed John Doe defendants pursuant to Rule 4(m) where the plaintiff failed to substitute the real names for his John Does and had failed to serve them within Rule 4(m)'s 120-day window). Rather, Plaintiff waited until February 25, 2015, then moved for leave to file a summons and return under seal—neither of which is necessary to *effectuate* service. Plaintiff's disregard of this Court's orders, evidence a clear and unmistakable pattern of non-cooperation and of willfully delaying the ultimate resolution of this litigation.

Second, as thoroughly documented throughout these proceedings, the undersigned is authorized to accept service on behalf of the Defendant. Once Plaintiff knew the Defendant's identity any concerns regarding proper service or other jurisdictional issues were laid to rest. *See* Doc. 20, p. 7. The Plaintiff need only have served the undersigned the amended complaint. A simple process that would have ensured service and saved costs.

Lastly, Plaintiff's claim that it "attempted to confer with opposing counsel … via email" is unavailing. *See* Doc. 22, ¶ 8. Despite knowing (one would hope) much earlier that it would be unable to comply, Plaintiff nonetheless waited until 6:30 pm on Friday, February 27, 2015 to send an email requesting consent to an extension of its February 28 deadline. *See, eg. Buck v. Ford Motor Co.*, No. 08-cv-998, 2012 U.S. Dist. LEXIS 22641, *7-8 (N.D. Ohio Feb. 23, 2012) ("A single e-mail does not fulfill Rule 37's good faith requirement" to meet and confer.); Ex. A. Plaintiff's decision to email is

made all the more dilatory considering "the time sensitive nature of this motion," when Plaintiff's counsel has the undersigned's work and cell phone numbers.[3] *See* Doc. 22, ¶ 8.

The second *Knoll* factor is whether the party seeking dismissal has been prejudiced by the failure of the other party to prosecute. Herein, the Defendant incurred expenses defending a matter which Plaintiff apparently had no intention of litigating. Therefore, the actions of the Plaintiff have caused the Defendant to incur wasted expenses. Moreover, this litigation has been pending for more almost a year. As a consequence, the Defendant has been exposed to substantial, potential liability for a significant period of time. To dismiss this litigation without prejudice would extend that period of time even further and, thus, cause that harm to continue. The Defendant is entitled to closure, without being faced with the prospect of further litigation. He has been denied the opportunity to bring this litigation to a close at this point by the Plaintiff's continuing failure to prosecute. The Plaintiff's disinterest in prosecuting its own case and disregard for the Court's orders directing the Plaintiff to comply with Rule 4(m), has diverted judicial resources and attention from other pending litigation brought by parties who, unlike the Plaintiff, are "willing to [litigate their] case in a manner that complies with procedural rules[.]" *Brown v. Walker*, No. 06-cv-218, 2009 U.S. Dist. LEXIS 91028, *4 (N.D. Ind. Sept. 30, 2009).

The third *Knoll* factor requires this Court to consider whether the Plaintiff has been previously warned that its failure to cooperate could lead to dismissal. In its order, this Court found that the Plaintiff was dilatory in complying with their obligation to serve the Defendant. *See* Doc. 20, p. 12. Although, therein, the Court granted the extension, Plaintiff was on notice the extension was done so in "[t]he interest of judicial economy" and not as a result of the Plaintiff showing good cause. *Id.* As established above, the Plaintiff knew the consequences of its initial failure to serve, was given a reprieve by the Court, and then failed to serve again. Defendant should not be required to bear the burden of the Plaintiff's continued failure to prosecute this litigation.

The fourth *Knoll* factor requires this Court to consider whether sanctions, less drastic than dismissal with prejudice, might be appropriate. One such lesser sanction could be an award of

---

[3] From the outset, Plaintiff's counsel refused to speak via phone, requiring communication via email—which left Defendant's counsel dubious as to who he was conversing with. *See e.g., Malibu Media v. Doe*, No. 13-cv-06252, ECF No. 14-1 (E.D. Pa. Aug. 4, 2014) (email correspondence wherein Plaintiff's counsel local merely forwards documents and communications to and from an associate with the Florida firm of Lipscomb, Eisenberg & Baker who actually curated the litigation). *See* Doc. 8, p. 3. Defendant's counsel has since become aware of a second such email in a matter pending in Illinois, lending further credence to the suspicion that Plaintiff is represented by "straw counsel."

attorney's fees to the Defendant to compensate for the expenses incurred and time wasted. However, given the Plaintiff's conduct to date, it is unlikely that an award of fees would guarantee future cooperation by the Plaintiff in this litigation (if the Court should decide not to dismiss this case) or in a future lawsuit based on the same events (if the Court should decide that dismissal without prejudice is warranted).

Indeed, dismissal with prejudice is not an unfair consequence of Plaintiff's failures to serve the Defendant within either the initial 120-day period or the 38-day extension. As the Supreme Court noted, "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). *See also Mayo v. Fed. Express*, No. 13-cv-1380, 2014 U.S. Dist. LEXIS 100202 (N.D. Ohio July 23, 2014). Plaintiff's failure to perfect service twice in this matter belies its contention that it can and would effectuate service with ease if granted additional time.

> "Under these circumstances, the court finds that Plaintiff has made a minimal showing of good cause necessary to justify a third summons. Nonetheless, because this is the second extension Plaintiff has requested, the court is not persuaded that an additional 120 days is warranted. Instead, the summons will expire on April 30, 2008, and the court is not inclined to permit any further extensions."

*Baxter v. Bostic*, No. 08-cv-10291, 2008 U.S. Dist. LEXIS 32002 (E.D. Mich. April 18, 2008)

> "[T]he possibility that a dismissal will have the practical effect of being *with prejudice* does not mandate or automatically result in an extension. After all, pursuant to Rule 4(m), at a certain point the Court must have the ability to say that a plaintiff has simply waited too long to request an extension and attempt to serve a defendant."

*Freeman v. Collins*, No. 08-cv-00071, 2011 U.S. Dist. LEXIS 119691, *15 (S.D. Ohio Oct. 17, 2011) (emphasis added).

Accordingly, the Court should dismiss with prejudice the entirety of Plaintiff's claims against the Defendant under Rules 12(b)(5) and 41(b). *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521-22 (6th Cir. 2006) (affirming dismissal in light of failure to present good cause).

### IV. CONCLUSION

Plaintiff has now had more than sufficient time to complete service of process upon the Defendant. Plaintiff failed to complete service during the initial 120-day period, and then failed again during the 38-day extension of time. There is no justification to excuse further neglect. Accordingly,

Defendant requests the Court not grant a further extension and dismiss Plaintiff's claims against the Defendant with prejudice.

Dated: March 11, 2015

Respectfully,

s/ Jason Sweet
Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com
*Pro Hac Vice Appearance*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2015, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

s/ Jason Sweet