IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MALIBU MEDIA, LLC, | Case No. 1:14-cv-00493-TSB |
| Plaintiff, | |
| v. | |
| JOHN DOE, | |
| Defendant. | |

**DEFENDANT'S EMERGENCY MOTION TO SEAL
AND FOR AN ORDER TO SHOW CAUSE WHY PLAINTIFF AND ITS COUNSEL SHOULD NOT BE HELD IN CONTEMPT**

Defendant respectfully requests that the Court enter an Order sealing Plaintiff's recently filed Amended Complaint and Reference List (Doc. #24 and Doc. #25) and their attendant exhibits, as they contain the identity and address of the Defendant in direct violation of this Court's protective order requiring Plaintiff to file this information under seal. Defendant further moves that the Court enter an Order to Show Cause why Plaintiff and its counsel should not be sanctioned. The reasons in support of this Motion are set forth in the attached Memorandum in Support.

Dated: March 15, 2015

Respectfully submitted,

*/s/ Jason E. Sweet*

Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: 617-250-8619
Fax: 617-250-8883
Email: jsweet@boothsweet.com

*Pro Hac Vice Appearance*

**CERTIFICATE OF SERVICE**

I hereby certify that on this March 15, 2015 I filed the foregoing document and my supporting affidavit through the Court's CM/ECF system, which will serve the documents on all counsel of record who have consented to electronic service.

/s/ Jason E. Sweet

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MALIBU MEDIA, LLC, | Case No. 1:14-cv-00493-TSB |
| Plaintiff, | |
| v. | |
| JOHN DOE, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S EMERGENCY MOTION TO SEAL AND FOR AN ORDER TO SHOW CAUSE WHY PLAINTIFF AND ITS COUNSEL SHOULD NOT BE HELD IN CONTEMPT**

**I. STANDARD OF REVIEW**

In order to hold a party in contempt, there must be a showing by clear and convincing evidence that 1) the party has violated a definite and specific court order requiring the party to perform a particular act or to refrain from performing a particular act; and 2) and the party had knowledge of the court order. *Electrical Workers Pension Trust Fund of Local Union # 58 v. Gary's Elec. Serv.*, 340 F.3d 373, 379 (6th Cir. 2003); *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987); *Grace v. Center for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir.1996). Willfulness is not an element of civil contempt, so the intent of a party to disobey a court order is "irrelevant to the validity of [a] contempt finding." *In re Jaques v. Reiss Steamship Co.*, 761 F.2d 302, 306 (6th Cir. 1985).

Once a *prima facie* violation is shown, the burden shifts to the respondent to either rebut the showing or to establish a defense such as inability to comply. *Rolex Watch U.S.A., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir. 1996); *Chicago Truck Drivers v. Brotherhood Labor Leasing,* 207 F.3d 500, 505-06 (8th Cir. 2000). To prove inability to comply, "a defendant must show 'categorically and in detail' why he or she is unable to comply with the court's order." *Rolex,* 74 F.3d at 720; (quoting *Donovan v. Mazzola,* 716 F.2d 1226, 1240 (9th Cir. 1983)). This burden cannot be met by evidence that a respondent has made itself incapable of compliance since a "self-induced" impossibility is not a valid defense. *Chicago Truck Drivers,* 207 F.3d at 505-06; *Central States Pension Fund v. Wintz Properties,* 155 F.3d 868, 875 (7th Cir. 1998).

A motion for an order to show cause may be filed if a party believes that another party is not complying with an order of the court. *U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, No. C-3-06-371, 2008 U.S. Dist. LEXIS 57825, *10 (S.D. Ohio July 29, 2008) (*citing Reynolds v. G.M. Roberts* 207 F.3d 1288, 1298 (11th Cir.2000)). If the motion states a case of non-compliance, the court may order the non-moving party to show cause as to why he or she should not be held in contempt and may schedule a hearing for that purpose. *Reynolds*, 207 F.3d at 1298. This Court is within its full right to grant sanctions against plaintiffs that compensate a defendant for its injuries resulting from plaintiff's noncompliance. *See Knafel v. Pepsi Cola Bottlers of Akron, Inc.,* No. 83-cv-3534, 1987 U.S. Dist. LEXIS 16918, *66-67 (N.D. Ohio Feb. 4, 1987).

## II. ARGUMENT

Here, the Order was sent by the Court to the Plaintiff. The Court's language could not have been more clear.

> "If the summons and its return disclose the Defenan[d]t's name and identifying information, Defendant shall file the same under seal."

*See*, Doc. 20, p. 15.

Nor was the intent of the Court's Order lost upon the Plaintiff. In its motion to file its summons and return of service, Plaintiff specifically noted:

> "To comply with the Court's Protective Order [CM/ECF 20], Plaintiff seeks leave of Court to file its proposed summons and affidavit of service under seal."

*See,* Doc. 21, ¶ 7.

In approving the Plaintiff's request to file its summons and return of service under seal, the Court once again took pains to establish

> the following procedure to balance Defendant's privacy interests with the presumption of open judicial proceedings. Simultaneously with filing its proposed summons under seal, Plaintiff shall also file a Reference List and an amended complaint. The Reference List, which shall be filed under seal, must contain Defendant's name and any other identifying information that Plaintiff deems necessary to the prosecution of its case, as well as an appropriate identifier that uniquely corresponds to each item listed. See Fed. R. Civ. P. 5.2(g). The amended complaint and all subsequent filings shall be publicly filed and must refer to Defendant only as John Doe and use the identifier provided in the Reference List for other identifying information. The Court reaffirms the other directives set forth in the 1/21/15 Order. (Doc. 20 ). IT IS SO ORDERED by Judge Timothy S. Black on 2/26/2015. (mr1) (Entered: 02/26/2015)

On March 11, 2015, after the Plaintiff failed to timely effectuate service for a second time, the Defendant filed a motion to dismiss for lack of service and an opposition to the third extension. *See* Docs. 22 & 23. That same day, the Court *sua sponte* expedited briefing of the Defendant's motion to dismiss, giving Plaintiff until March 18, 2015 to file an opposition.

On March 13, 2015, Plaintiff, in violation of the Court's repeated Orders, filed an unredacted summons and reference list with John Doe's name and address plainly visible. *See* Docs. 24 & 25. By choosing to file these documents at 8:00 PM on a Friday evening, Plaintiff intentionally chose a time when it would be difficult to correct, and the embarrassment alone might cause John Doe to seek a non-trial disposition just to end the matter. More so, the documents are dated March 12, 2015, further compounding the inference that Plaintiff intentionally waited until Friday evening to file them.

Nor is this the first time Plaintiff has indicated a willingness to employ this tactic against Does who refuse to settle.

> *Malibu Media v. John Does 1-14*, No. 12-cv-0764-BAH, ECF No. 35 (D.D.C. 2012)
> Plaintiff filed an un-redacted first amended complaint and summons, both identifying the John Doe there by name, in express contravention of the Court's protective order. Before a sanctions motion was filed, the matter was dismissed due to Plaintiff's failure to timely serve the complaint.
>
> *Malibu Media v. John Does 1-14*, No. 12-cv-2084, ECF #37 (E.D. Pa. Nov. 1, 2012)
> Plaintiff filed un-redacted notices "in the **other cases** affected by the October 3 Order, naming all the Doe defendants" on a Friday evening. *Id.* at n.1.
>
> *Malibu Media v. John Does 1- 14,* No. 12-cv-263, ECF #48 (N.D. Ind. Dec. 14, 2012)
> Plaintiff's motion to strike un-redacted complaint it filed in violation of court order, blaming error on paralegal.

Lastly, Plaintiff's filings were made in the wake of a pending motion to dismiss for lack of service. Plaintiff's deadline to serve the Defendant was February 28. To date, no extension to effectuate service has been granted—which begs the question why these documents were even filed in the first place. These documents are neither necessary at this point in the litigation nor relevant to opposing Defendant's pending motion to dismiss. However, they are essential to a Plaintiff, who unable to obtain a quick settlement, is all to happy to act out of spite.

### III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court seal Plaintiff's filings (Docs. 24 & 25) that contain unredacted, private information.

3

Defendant further requests that the Court enter a show cause order as to why Plaintiff and its counsel should not be sanctioned for their violation of the Court's Protective Orders. Defendant further requests that the sanctions include an award of attorney's fees, in addition to whatever non-monetary sanctions the Court deems appropriate to enforce its own orders.

Dated: March 15, 2015

> Respectfully submitted,
>
> */s/ Jason E. Sweet*
>
> Jason E. Sweet (BBO# 668596)
> BOOTH SWEET LLP
> 32R Essex Street
> Cambridge, MA 02139
> Tel.: 617-250-8619
> Fax: 617-250-8883
> Email: jsweet@boothsweet.com
>
> *Pro Hac Vice Appearance*

## CERTIFICATE OF SERVICE

I hereby certify that on this March 15, 2015 I filed the foregoing document and my supporting affidavit through the Court's CM/ECF system, which will serve the documents on all counsel of record who have consented to electronic service.

> */s/ Jason E. Sweet*

4