UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MALIBU MEDIA, LLC, : Case No. 1:14-cv-493
:
    Plaintiff, : Judge Timothy S. Black
:
vs. :
:
JOHN DOE, :
:
    Defendant. :

### ORDER TO SHOW CAUSE

This civil action is before the Court on Defendant's Emergency Motion to Seal and for an Order to Show Cause Why Plaintiff and Its Counsel Should Not Be Held in Contempt. (Doc. 26).

This is a copyright infringement suit in which Plaintiff Malibu Media, LLC alleges that Defendant has infringed thirty of its copyrighted adult movies by downloading or sharing them through the BitTorrent peer-to-peer file sharing system. Plaintiff identified the Defendant only by an Internet Protocol address ("IP address") and sought leave to serve a third-party subpoena on the internet service provider ("ISP") to learn Defendant's true identity. (Doc. 2). The Court granted the motion on June 16, 2014. (Doc. 4).

Defendant moved to quash the third-party subpoena arguing, *inter alia*, that Plaintiff proceeded with an improper purpose in this action and in thousands of similar actions across the country. (Doc. 8). Plaintiff subsequently filed a motion for an extension of time to complete service of process. (Doc. 15).

On January 21, 2015, the Court denied Defendant's motion to quash and granted Plaintiff's motion for an extension of time to complete service. (Doc. 20). The Court ordered Plaintiff to complete service of process by February 28, 2015. (*Id.* at 15). Additionally, the Court noted Plaintiff's indication that it would not object to Defendant proceeding anonymously and directed Plaintiff to file the summons and its return under seal if they disclosed the Defendant's name and identifying information. (*Id.* at 15). The ISP responded to Plaintiff's third-party subpoena on February 6, 2015. (Doc. 23, Ex. A).

On February 25, 2015, Plaintiff filed a motion for leave to file the proposed summons and its return under seal, but did not move for an extension of time to complete service of process. (Doc. 21). The Court granted the motion on February 26, 2015 and established procedures to protect Defendant's privacy interests.[1] First, the Court granted Plaintiff leave to file the proposed summons and its return under seal. Second, the Court directed Plaintiff to file a Reference List under seal containing Defendant's name and any other identifying information. The Court also provided that the amended complaint and

---

[1] The complete Notation Order provides:
This civil action is before the Court on Plaintiff's Motion for Leave to File Its Summons and Return of Service Under Seal or to Modify the Protective Order. (Doc. 21). For good cause shown, and pursuant to the Court's 1/21/15 Order (Doc. 20), Plaintiff is hereby GRANTED leave to file the proposed summons and its return under seal. The Clerk is DIRECTED to issue the summons under seal. The Court establishes the following procedure to balance Defendant's privacy interests with the presumption of open judicial proceedings. Simultaneously with filing its proposed summons under seal, Plaintiff shall also file a Reference List and an amended complaint. The Reference List, which shall be filed under seal, must contain Defendant's name and any other identifying information that Plaintiff deems necessary to the prosecution of its case, as well as an appropriate identifier that uniquely corresponds to each item listed. See Fed. R. Civ. P. 5.2(g). The amended complaint and all subsequent filings shall be publicly filed and must refer to Defendant only as John Doe and use the identifier provided in the Reference List for other identifying information. The Court reaffirms the other directives set forth in the 1/21/15 Order. (Doc. 20).

2

all subsequent filings should be publicly filed and must refer to Defendant only as John Doe. Finally, the Court reaffirmed the February 28, 2015 deadline to complete service of process.

On March 2, 2015, Plaintiff filed a second motion for extension of time to complete service of process. (Doc. 22). Plaintiff indicated that it had "attempted to confer with opposing counsel on Friday, February 27, 2015 via email and has yet to receive a response. Due to the time sensitive nature of this motion, Plaintiff has had to file the motion without consent or opposition from opposing counsel." (*Id.* at 2). Because Defense counsel had entered an appearance and Plaintiff had not received consent, the Court did not immediately act on the motion.

On March 11, 2015, Defendant filed an opposition to Plaintiff's second motion for an extension of time and a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 41. (Doc. 23). Defendant attached the email in which Plaintiff's counsel attempted to obtain consent for the second motion for extension of time, which revealed that it was sent on Friday, February 27, 2015 at 6:30 p.m. (*Id.*, Ex. B). Defendant also referenced earlier email correspondence that indicated Plaintiff's counsel was unwilling to communicate by telephone. (Doc. 8, Ex. A). The Court *sua sponte* expedited briefing on Defendant's motion to dismiss.

On Friday, March 13, 2015 at approximately 8:00 p.m., Plaintiff publicly filed an amended complaint, proposed summons, and Reference List. (Docs. 24, 25). Although the amended complaint referred to Defendant only as John Doe, Defendant's name and

address were made publicly available in the proposed summons and Reference List.[2]

Defendant moves the Court to order Plaintiff and its counsel to show cause why they should not be sanctioned or held in contempt for publicly filing Defendant's name and address in contravention of two Court orders directing Plaintiff to file this information under seal. For the reasons set forth in Defendant's motion, the Court finds that Defendant has established a *prima facie* case that Plaintiff and its counsel "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003). Accordingly, Plaintiff and its attorney Yousef Faroniya are **ORDERED** to show cause in writing by **March 20, 2015 at 5:00 p.m.** why they should not be sanctioned or held in contempt for publicly filing Defendant's name and address in violation of the Court's Orders dated January 21, 2015 and February 26, 2015.[3] Defendant may file a response by March 24, 2015 at 5:00 p.m. The Court will set this matter for a hearing, if appropriate, after receipt of the written responses. The Clerk is **DIRECTED** to withhold issuance of the summons until this matter is resolved.

**IT IS SO ORDERED.**
Date: 3/16/15

Timothy S. Black
United States District Judge

---

[2] The Clerk sealed both documents before Defendant filed its motion. Accordingly, Defendant's emergency motion to seal is **DENIED** as moot.

[3] Plaintiff shall specifically address Defendant's allegation that substantially similar conduct has occurred in other cases involving Plaintiff. (Doc. 26 at 3).