UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

----------------------------------------------------------------X
:
MALIBU MEDIA, LLC, :
: Civil Action No.: 1:14-cv-00493-TSB
          Plaintiff, :
:
      vs. :
:
JOHN DOE, :
:
          Defendant. :
:
----------------------------------------------------------------X

**PLAINTIFF, MALIBU MEDIA, LLC, AND ATTORNEY YOUSEF M. FARONIYA'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE [CM/ECF 27]**

### I.    INTRODUCTION

In contradiction to the direct instruction of Malibu Media, LLC's general counsel and this Court's order from February 26, 2015, undersigned mistakenly publicly filed the Summons Form (CM/ECF 24-3), Notice of Filing Reference List (CM/ECF 25), and Reference List (CM/ECF 25-1) – instead of filing it under seal. Undersigned realized this mistake within five (5) minutes and *immediately* called the clerk's office's emergency line. Undersigned left a message and then followed up two more times that night. The document was sealed by early morning the next day, Saturday, March 14, 2015. Defendant knowingly falsely asserts that Plaintiff has routinely failed to file documents under seal despite court orders requiring it to do so. Defendant also falsely accuses Plaintiff of engaging in this practice to coerce settlements. *Neither* argument has any factual support whatsoever. Significantly, the error was undersigned's alone, *not* Plaintiff, Malibu Media's. Undersigned takes full responsibility. Undersigned sincerely apologizes for the filing error – it was human error, nothing more, nothing less. Since the mistake was corrected

1

immediately and was not done in bad faith, undersigned and Plaintiff should not be sanctioned or held in contempt.

## II. FACTUAL BACKGROUND

On Thursday, March 12, 2015, I received an e-mail from the office of Malibu Media's outside general counsel which states: "Hi Yousef, Please file the Amended Complaint & Exhibits as usual. *The rest of the documents should be filed under seal*. These include the SOH54 Notice of Filing (optional – not sure if this is necessary), Reference List and proposed summons. Full instructions are below." *See* Exhibit A, copy of e-mail (underlining, italics, and highlighting in original). The e-mail also reproduced in full the Court's order from February 26, 2015. *Id.*

The following day, Friday, March 13, 2015, was my birthday. I was distracted and in a hurry and filed the documents erroneously. Contrary to Defendant's baseless speculation, undersigned did not file the documents late in the evening for any improper purpose. The fault was mine alone, not Malibu Media, LLC's. I attempted to cure the problem as quickly as possible. I called the clerk's office's emergency line immediately after realizing my error. I left a message and followed up two more times that night.

After calling the clerk's office, I also called defense counsel to advise him of my error. During that call he became belligerent, accused me of acting unethically, disparaged me by claiming I would never be able to get a job at any law firm, and stated that he could "not wait to come down there and end your [my] life." Immediately thereafter, he hung up.

Defense counsel is a well-known anti-copyright lawyer. His emotional investment in that cause unjustifiably taints his view of undersigned and caused him to close his ears to the simple truth that the filing error was unintentional. Further, Plaintiff's experience with opposing counsel demonstrates that he will use *ad hominem* attacks that have no basis in fact to prejudice

courts against Plaintiff. *See e.g.* CM/ECF 10, at p. 7 ("Malibu Media has not been honest with the Court."); CM/ECF 19, at p. 2 ("Plaintiff seeks the subpoenaed information for an improper purpose and has made knowing misstatements to obtain it."); CM/ECF 23, at n. 2 (speculating that "Plaintiff deliberately withholds service in order to use the threat thereof as a bargaining ploy."); This tactic is aimed at changing the equities by blaming the victim.  It is abhorrent.

Violating court orders is not a "tactic" used by Plaintiff in its cases, as Defendant claims. Memorandum in Support of Motion, CM/ECF 26, at p. 4.  To the best of undersigned and Plaintiff's knowledge and recollection, there have only been three (3) other times where an order required a defendant's identity to be sealed that was accidentally violated.  In that time, Plaintiff filed thousands of lawsuits.  In each of the prior incidents the clerk was immediately contacted, all possible remedial action was taken, and Plaintiff was not sanctioned.  Specifically:

(a) In *Malibu Media, LLC v. John Does 1-14*, No. 12-cv-0764-BAH, (D.D.C. 2012) Plaintiff accidentally named one of the defendants.  No sanctions were imposed against Plaintiff or its counsel for the unintentional error.

(b) In *Malibu Media, LLC v. John Does 1-14*, 2:12-cv-02084-MMB, CM/ECF 41, (E.D. Pa. November 15, 2012) some defendants' names were unintentionally made public on PACER for a period of about two and a half hours.  Once Plaintiff and its counsel were made aware of the mistake, the clerk was immediately contacted and the problem was resolved.  Although defense counsel tried to ascribe improper motives and bad faith to Plaintiff and its attorneys, no sanctions were issued for the unintentional mistake.

(c) In *Malibu Media, LLC v. John Does 1-14*, 1:12-cv-00263, CM/ECF 48 (N.D. Ind. December 14, 2012) an amended complaint identifying John Doe defendants by

3

name was unintentionally filed publicly, instead of under seal. Again, the clerk was immediately contacted as soon as the mistake was recognized, remedial action was taken, and Plaintiff filed a motion to strike the offending document. The motion to strike was granted and the case proceeded without sanctions.

Significantly, each of these cases had different attorneys and each of them occurred approximately three (3) years ago.

Following these three incidents, Plaintiff instructed its general counsel to write its lead counsel emails like the one sent to undersigned here to ensure this type of mistake <u>never</u> happened again. And, the process worked perfectly until undersigned's error here. I have sincerely apologized to Malibu's principals for <u>my</u> mistake. While they are justifiably upset with me, they did not terminate me based in large part on my pledge to work hard to ensure this <u>never</u> happens again. I make that same pledge to the Court now. I am deeply sorry.

Considering that Plaintiff filed approximately 3,200+ cases in 2013 through the present, and that most of those cases have protective orders requiring anonymity for the defendant, my error here represents an error rate of less than 1/2000[1] of Malibu Media's cases since its safeguard process was implemented. Consequently, it in <u>no</u> way evinces a conscious plan to routinely violate court orders. Any such argument to the contrary fails as a matter of incontestable fact.

Malibu Media and its attorneys work *incredibly* hard to comply with all aspects of the disparate court orders of judges across the country. Indeed, numerous courts have recognized Plaintiff's hard work towards this end. *See e.g. Malibu Media, LLC v. Doe*, 2014 WL 4682793, at *1 (D. Md. 2014) ("the Court fashioned a unique procedure that Malibu must follow in order

---

[1] Plaintiff estimates about 2/3 of its cases have a protective order in them.

4

to pursue this discovery . . . To the best of this Court's knowledge, Malibu has complied with these procedures and this Court is unaware of any allegations of abuse in this district.")

Early in this case Plaintiff demonstrated its good faith by voluntarily offering to submit to any judicially imposed safeguards intended to protect the Defendant's interests.

> <u>Plaintiff will not object to procedural safeguards set forth by the Court</u> so long as Plaintiff is given a fair opportunity to protect its copyrights, learn Defendant's identity prior to service, and proceed with its case. <u>Other courts have similarly established safeguards for Defendant which Plaintiff did not oppose.</u> As an example, the District Court of Maryland has allowed all defendants to initially proceed anonymously and has ordered that Plaintiff may not contact an unrepresented defendant . . . Here, <u>Plaintiff will not object to Defendant proceeding anonymously through discovery and as a policy, never solicits settlements from a defendant prior to service</u> . . . <u>Plaintiff desires to litigate in good faith and should the Court wish to establish procedural safeguards, Plaintiff will not object</u> so long as it can identify Defendant prior to [service] and move forward with its suit in good faith.

CM/ECF 14, at pp. 6-7.

Malibu Media has a widely known policy of never opposing a Defendant's request to remain anonymous. In this case, Plaintiff stated it "does not intend to embarrass nor force Defendant to settle. Further, Plaintiff will not object to Defendant proceeding anonymously so long as it may receive Defendant's identity." CM/ECF 9, at p. 18

Plaintiff and undersigned sincerely apologize for the filing mistake that was made in this case; neither intended to embarrass Defendant. We have the utmost respect for this Court and its orders as well as Defendant's privacy.

### III. LEGAL STANDARD

"[T]he purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant." *United States v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991) (*citing United States v. Mine Workers,* 330 U.S. 258, 303–04, 67 S.Ct. 677, 701–02, 91 L.Ed. 884 (1947) (purpose of civil contempt is "to coerce the defendant into

compliance with the court's order, and to compensate the complainant for losses sustained"); *Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911) (in civil contempt "the punishment is remedial, and for the benefit of the complainant"); *Spindelfabrik Suessen–Schurr v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft,* 903 F.2d 1568, 1578 (Fed.Cir.1990)). "[W]here the purpose is to make the defendant comply . . . [the court] must then consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304, 67 S. Ct. 677, 701, 91 L. Ed. 884 (1947).

## IV. ARGUMENT

### A. Civil Contempt Sanctions Should Not be Imposed Because the Mistake Was Fixed Immediately

The two purposes of civil contempt sanctions are to compel compliance with a court order or to compensate an aggrieved party for the contumacy. *United States v. Bayshore Associates, Inc., supra*. Neither goal would be accomplished by holding Plaintiff or undersigned in civil contempt. Indeed, as soon as undersigned recognized his error, I immediately undertook remedial action. And, the violation was remedied in less than twelve (12) hours. Therefore, there is nothing left to compel. Further, Defendant has not shown any loss for which compensation is needed. Where compensation is the intended goal of civil contempt sanctions, the monetary sanction imposed "must of course be based upon evidence of complainant's actual loss[.]" *United Mine Workers of Am.*, 330 U.S. at 304, (1947). Undersigned called defense counsel to let him know of the unintentional error that night and before Defendant's Motion was

6

even filed, the issue had been mooted. Undersigned did *not* "act out of spite" and did not proliferate an improper settlement "tactic."[2]

### B. Numerous Judges Have Expressly Recognized That Plaintiff Does Not Use Improper Litigation Tactics

Courts across the country have expressly found that Plaintiff does not engage in improper litigation tactics. For example, the Honorable Judge Baylson of the Eastern District of Pennsylvania held that Plaintiff does not use "unscrupulous tactics and false accusations to collect millions of dollars from innocent and injured computer users." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013). Notably, this is one of the cases listed above in which Plaintiff had previously accidentally exposed the defendants' names to the public for a few hours.[3] At trial, Judge Baylson ultimately concluded that "Malibu has satisfied its burden of proof with substantial evidence and deserves a large award." *Id.* Similarly, the Honorable Judge Hegarty of the District of Colorado stated: "the Court has [] witnessed firsthand the Plaintiff's willingness to resolve cases without any monetary payment when a Defendant credibly denies infringement." *Malibu Media, LLC v. John Does 1-2, 4-8, 10-16, 18-21*, 2013 WL 1777710 (D. Colo. 2013). Other courts have also opined that the criticism Plaintiff receives is unwarranted. "Doe 5 has not presented any evidence that Malibu has engaged in harassing behavior for the Court to consider, nor has the Court observed bad faith behavior or the use of improper tactics on its part thus far." *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 (N.D. Ill. 2013). *See also Malibu Media, LLC v. John Does 1-5,* 2012 WL

---

[2] Undersigned respectfully suggests Defendant's Motion (CM/ECF 26), which sets forth knowingly false *ad hominem* attacks, evinces far more egregious attorney conduct than undersigned's unintentional human error.

[3] It was unfortunate that Plaintiff's error was in front of a judge that Plaintiff particularly wanted to impress. Indeed, when judges appear skeptical or to have been tainted by baseless *ad hominem* attacks, Plaintiff tries to be extraordinarily cautious and diligent in the hope of disabusing the judge of his or her erroneously biased view of Plaintiff and its cases.

3641291, at *4 (S.D.N.Y. 2012) (same); *Malibu Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH, CM/ECF 61, at p. 15 (E.D. Mich. May 16, 2013) (same); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7 (N.D. Ill. 2013) ("the fact that suits of this nature settle quickly does not mean there is any wrongdoing on the part of copyright owners."); *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-00669-SDM-AEP, CM/ECF 25, at p. 7 (M.D. Fla. July 6, 2012) (same).

### C. Plaintiff's Only Purpose in Filing These Types of Lawsuits is to Seek Justice

"It is certainly true that Malibu has filed a very large number of infringement suits in this district and in others. But that is what the holders of intellectual property rights do when they are faced with mass infringement." *Malibu Media, LLC v. Doe,* 2014 WL 2581168, at *2 (N.D. Ill. June 9, 2014) (stating that Plaintiff's lawsuits should be treated no differently than any other intellectual property rights holder). Malibu Media, LLC is a company that was built from the ground up by husband and wife, Brigham and Colette Field. CM/ECF 2-2, at ¶ 3. The company has grown to tens of thousands of paying subscribers but is finding it hard to grow and maintain their subscriber base because of online copyright infringement. *Id.* at ¶ 15. Indeed, each month approximately 80,000 U.S. residents use BitTorrent to steal its content. *Id.* at ¶ 16. Malibu Media's goal is to stop the theft of its copyrighted work product, be compensated for the harm it incurs, and motivate people to pay for subscriptions instead of stealing. *Id.* at ¶¶ 24, 31. Without these suits, infringers would feel free to continue stealing without consequence. *Id.* at ¶ 32.

Plaintiff sues only the worst-of-the-worst infringers. Here, Defendant's IP address was detected infringing not one, but thirty (30) of Plaintiff's copyrighted movies. *See* CM/ECF 1-1. The infringement occurred over the course of approximately nine (9) months, between July 21, 2013 and April 6, 2014. *Id.* Plaintiff simply could not stand by any longer without taking action.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion.

DATED: March 20, 2015.

Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

By: /s/ *Yousef M. Faroniya*
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax: (614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Yousef M. Faroniya*
Yousef M Faroniya