UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action No. 1:14-cv-493 |
| vs. | ) |
| JOHN DOE, | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF, MALIBU MEDIA, LLC, AND ATTORNEY YOUSEF M. FARONIYA'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

**I.  Plaintiff Fails to Respond to the Merits or State a Valid Defense.**

Having established a *prima facie* case that Plaintiff and its counsel (Referred to collectively hereafter as "Plaintiff") "violated a definite and specific court order requiring the party to perform or refrain from performing a particular act or acts with knowledge of the court order," *Electrical Workers Pension Trust Fund of Local Union # 58 v. Gary's Elec. Serv.*, 340 F.3d 373, 379 (6th Cir. 2003), the burden is now on the Plaintiff to either rebut the showing or to establish a defense. *Rolex Watch U.S.A., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir. 1996).

As an initial matter, Plaintiff's response to the show cause order, though timely filed, is deficient in that it fails to address 1) why the pleadings were not filed until a day after receiving them; 2) why the pleadings were not filed until 8:00 PM; and 3) why these documents were even filed given Defendant's pending motion to dismiss. *See* Doc. 26, p. 3. Nor does Plaintiff address the elements of civil contempt set forth in Defendant's motion. *See* Doc. 26, pp. 1-2.

By failing to respond to the merits of the Court's show cause order, Plaintiff has conceded that sanctions are appropriate. *See e.g. Gadd ex rel. J.G. Sec. v. First Nat'l Bank*, No. 95-cv-003, 1995 U.S. Dist. LEXIS 12826, *2-3 (S.D. Ohio Aug. 15, 1995) (The court "finds fault with [Plaintiff's] failure to address, by memorandum, the merits of [Defendant's] summary judgment motion") (*citing Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)); *Walker v. Dallman,* No. 92-cv-3817, 1993 U.S. App. LEXIS 4661 (6th Cir. Mar. 4, 1993)). *See also Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("[B]y failing to respond responsively … [Plaintiff] forfeited her right to continue litigating her claim.").

The defense Plaintiff does proffer, "mistake", is one supported by neither law nor Plaintiff's response. As previously noted, willfulness is not an element of civil contempt, so the Plaintiff's intent to disobey a court order is "irrelevant to the validity of [a] contempt finding." Doc. 26, p. 1 (*citing In re Jaques v. Reiss Steamship Co.*, 761 F.2d 302, 306 (6th Cir. 1985)). *See also Glover v. Johnson,* 934 F.2d 703, 708 (6th Cir. 1991) (good faith is not a defense in civil contempt proceedings)).

In seeking to shield the Plaintiff, opposing counsel steps forward and claims fault without even attempting to discuss the impact of this damming concession. *See* Doc. 29, p. 2 ("The fault was mine alone, not Malibu Media, LLC's."). Fault alone, as asserted by the Plaintiff and distinct from a finding of bad faith or willfulness in the disregard of an obligation to comply with a protective order, is sufficient to warrant sanctions. "'Fault,' by contrast, doesn't speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation." *Coleman v. American Red Cross,* 145 F.R.D. 422, 427 (E.D. Mich. Jan. 5, 1993) (*citing National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976); *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992)). Fault, far from being a defense, is an admission of guilt.

More so, there is no a proportionment of fault here. Plaintiffs' counsel's violation is attributable to Plaintiff. In *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962), the Supreme Court rejected the argument that it is an unjust penalty on a party to dismiss a case based upon counsel's unexcused conduct:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can by charged upon the attorney."

*Id.*

Indeed, there is every indication that the Plaintiff itself orchestrated the error. Opposing counsel has submitted an exhibit further evidencing that all pleadings, substantive communications and "marching orders" are provided by the Plaintiff.[1] *See* Doc. 29-1.

Plaintiff may seek recovery from its attorney in a lawsuit for malpractice based upon his "error." In *Link,* the Court stated: The client's remedy is against the attorney in a suit for malpractice … keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of the plaintiff's lawyer upon the defendant. *Link,* at 634, n. 10. Plaintiff's fault, therefore, is no defense.

## II.  Plaintiff Misconstrues the Purpose of Civil Contempt.

Plaintiff takes pains to parse the purpose of civil contempt as one purely remedial in nature. *See* Doc. 29, pp. 5-6. Rather, the sanction for civil contempt may be intended either to compensate for the injuries resulting from the noncompliance, *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949), or to coerce *future compliance* with a court's order, *Shillitani v. United States,* 384 U.S. 364, 370 (1966). A finding of contempt may be entered to coerce future compliance with the court's order. *United States v. United Mine Workers of Am.,* 330 U.S. 258, 303-04 (1947); *Glover v. Johnson,* 199 F.3d 310, 313 (6th Cir. 1999).

> A court may, in its discretion, hold litigants in contempt when it seeks to enforce an Order. *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987). The Supreme Court has explained that contempt power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450, 31 S. Ct. 492, 55 L. Ed. 797 (1911). **The purpose of the sanction of civil contempt is to encourage compliance with Court orders and/ or to compensate the complainant.** *United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991).

*Medpace, Inc. v. Biothera, Inc.*, No. 12-cv-179-TSB, 2014 U.S. Dist. LEXIS 165127, *4 (S.D. Ohio Nov. 25, 2014).

---

[1] *See Malibu Media v. John Doe,* No. 13-cv-06252, Doc. 14-1 (E.D. Pa. Aug. 4, 2014) (email correspondence between Plaintiff's Pennsylvania counsel, Chis Fiore, and defendant's attorney, Darth Newman. Wherein, Fiore merely forwards documents to and from attorney Jessica Fernandez with the Florida law firm of Lipscomb, Eisenberg & Baker.); *Malibu Media v. John Doe*, No. 14-cv-00693, Doc. 17 (N.D. Ill. April 6, 2014) (Plaintiff's status report filed by its Illinois counsel, Mary Schulz. Metadata shows Lipscomb, Eisenberg & Baker attorney Emilie Kennedy as the author.); *Malibu Media, LLC v. John Does 1-14*, No. 12-cv-02084, Doc. 34 (E.D. Pa. Nov. 15, 2012) (Wherein Keith Lipscomb states that a filing bearing Mr. Fiore's signature was in fact drafted by himself and filed using Mr. Fiore's ECF username and password). To paraphrase Plaintiff, the Defendant should not be "forced to litigate in the dark."

The purpose of the protective orders herein were "to balance Defendant's privacy interests with the presumption of open judicial proceedings." *See,* Doc. 21, ¶ 7; Notation Order. Plaintiff's violations went to the very heart of the protective orders: the perceived need to protect the privacy of the *alleged* Defendant.[2] In this case, Defendant's interest in these needs has been severely prejudiced despite Plaintiffs' assertions otherwise.

> I attempted to cure the problem as quickly as possible. I called the clerk's office's emergency line immediately after realizing my error. I left a message and followed up two more times that night.

*See* Doc. 29, p.6.

Indeed, Plaintiff seems to indicate that it should be applauded for immediately seeking retroactive compliance rather than sanctioned for violating the Court's orders. Such a position is both naive and disingenuous. It calls into question the integrity of the discovery process conducted under protective orders.[3] Plaintiff has filed thousands of actions throughout the federal court system, most of which follow a similar path: pre-trial discovery and a speedy voluntary dismissal.[4] In the handful of cases where a defendant has chosen to fight,[5] and where Plaintiff has violated a protective order via an after-hours filing, the claims against the defendants are soon after voluntarily dismissed. Thus, Plaintiff is able to "cut and run"—avoid responsibility, avoid sanctions and continue the practice as need be. Given the similarity in circumstances and that Plaintiff controls all aspects of the litigation, *supra* n. 1, there can be little doubt of "intelligent error" on the Plaintiff's part.

An appropriate sanction must therefore must be imposed here, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Met. Hockey Club*, 427 U.S. 639, 643 (1976).

---

[2] *See e.g., Malibu Media v. Shekoski*, No. 13-cv-12217, Doc. 26 (E.D. Mich. Sept. 12, 2014) (Order granting defendant leave to move for dismissal premised upon Plaintiff's concealing its inability to prove infringement); *Malibu Media v. John Doe,* No.14-cv-01280, Doc. 40 (E.D. Pa. Feb. 2, 2015) (Order granting Defendant's summary judgment motion due to Plaintiff's inability to prove infringement).

[3] Plaintiff states most of its 3,600 cases have protective orders requiring anonymity for the defendant. Doc. 29, p. 4. Concerning ourselves with only those matters filed in this District, of the 179 cases filed only 13 have protective orders. Two were issued upon motion by John Does who timely obtained counsel, *see* Nos. 14-cv-00804 and 14-cv-00456, the remaining 11 were issued *sua sponte* by your Honor.

[4] *See e.g.*, pacer.gov for Plaintiff's cases in this District.

[5] *See*, dockets for those cases identified in Doc. 26, p. 4. *See also Malibu Media v. Doe*, No. 12-cv-2088 (E.D. Pa. 20102); *Malibu Media v. Doe,* No. 12-cv-2078 (E.D. Pa. 2012).

4

Dated: March 24, 2015

Respectfully submitted,

/s/ Jason E. Sweet

_____
Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: 617-250-8619
Fax: 617-250-8883
Email: jsweet@boothsweet.com
*Pro Hac Vice Appearance*

## CERTIFICATE OF SERVICE

I hereby certify that on this March 24, 2015 I filed the foregoing document and my supporting affidavit through the Court's CM/ECF system, which will serve the documents on all counsel of record who have consented to electronic service.

/s/ Jason E. Sweet