# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned to IP Address 24.14.81.195,<br><br>Defendant. | Case No. 1:13-cv-06312<br><br>The Hon. Geraldine S. Brown |
|---|---|

**MOTION FOR AN ORDER REQUIRING MALIBU MEDIA, LLC TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT**

JOHN DOE subscriber assigned to IP Address 24.14.81.195 ("Doe"), by and through counsel, moves this Court to order Malibu Media, LLC ("Malibu") to show cause why it should not be held in contempt and sanctioned. In support of the same, Doe states as follows:

**I. Introduction**

Malibu publicly named Doe, violating an Order of this Court. Given Malibu's past attempts at disclosing Doe's identity in this case and its pattern of similar conduct in other cases, Doe is forced to act to prevent future blatant violations of the Court's Order protecting his identity. For its violation, Malibu should be ordered to show cause why it should not be sanctioned.

**II. Facts**

On October 28, 2013, Doe filed his unopposed Motion to Proceed Anonymously in this case. (ECF Doc. 14). It was granted the next day. (ECF Doc. 17). Thereafter, Malibu has twice tried to disclose the identity of Doe; once to his neighbors and once to his employer. Malibu's attempts to disclose Doe's identity for irrelevant or unnecessary purposes were denied, twice. In

1

only his second round of filing in this matter,[1] Mr. Lipscomb has unquestioningly violated this Court's Order by publicly naming Doe.

Mr. Lipscomb filed Malibu's Statement of Facts in Opposition to Doe's Motion for Summary Judgment well after business hours on April 20, 2015. (ECF Doc. 152). In ¶ 9 of that document, Malibu alleges that Doe wrote a paper on BitTorrent. *Id.* Malibu attached "Sub Exhibit B," naming Doe at least three times. (ECF Doc. 152-4, p. 3). The filing was publicly available for an entire business day.[2] The number of people who have viewed, or saved, the filing is unknown at this time.

Malibu has a pattern of violating court orders that protect the Does' identities. Most recently, in the Southern District of Ohio, Malibu disclosed the identity of a Doe defendant. *Malibu Media v. Doe,* Case No. 14-cv-00493 (S.D. Ohio). Like here, Malibu elected to make its filing well after business hours.[3] There, the defendant pointed out late night filings "would be difficult to correct, and the embarrassment alone might cause John Doe to seek a non-trial disposition just to end the matter."[4] The next day, the Southern District of Ohio Court granted the motion and ordered Malibu to "show cause in writing by **March 20, 2015 at 5:00 p.m.**," notably using a **bold** font – apparently emphasizing its rejection of Malibu's late-night filings. *Order to Show Cause,* p. 4, (ECF Doc. 27), *Malibu Media, LLC v. Doe,* Case No. 14-cv-00493 (S.D. Ohio Mar. 16, 2015). Furthermore, the Court required Malibu to "specifically address Defendant's allegation that substantially similar conduct has occurred in other cases involving [Malibu]." *Id.*

As that court's order suggests, Malibu has repeatedly violated orders meant to protect the identity of Does. In one case, Malibu filed an amended complaint and summons identifying a Doe –

---

[1] Mr. Lipscomb was just recently granted leave to proceed *pro hac vice*. (ECF Doc. 141).
[2] When undersigned downloaded and reviewed the document, it was nearly the end of the business day on April 21, 2015. Doe's other counsel, Ms. Russell, immediately reached out to the Clerk's office and ensured that the document was placed under seal until it could be brought to the attention of the Court.
[3] There the filing was made at 8:00 PM. Here, the filing was made at 9:58 PM CST.
[4] *Memo. in Support of Deft's Emergency Mot. to Seal & For an Order to Show Cause Why Pltf & Its Counsel Should Not Be Held in Contempt,* p. 3 (ECF Doc. 26), *Malibu Media, LLC v. Doe,* Case No. 14-cv-00493 (S.D. Ohio Mar. 15, 2015).

2

violating a protective order.  *See, Malibu Media v. John Does 1-14,* Case No. 12-cv-0764 (ECF Doc. 35) (D.D.C. 2012).  Malibu also violated the Eastern District of Pennsylvania's orders by making after-hours filings disclosing Does.  *See, Malibu Media v. John Does 1-14,* Case No. 12-cv-2084 (ECF Doc. 37) (E.D. Pa. Nov. 1, 2012).  Malibu has also done so in the Seventh Circuit.  *See, Malibu Media v. John Does 1-14,* Case No. 12-cv-263 (ECF Doc. 48) (N.D. Ind. Dec. 14, 2012).

   III. **Law**

Civil contempt is meant to force a non-compliant party to comply with an order of the Court.  *Cunningham v. Hamilton County*, 527 U.S. 198, 207 (U.S. 1999), *citing*, *Willy* v. *Coastal Corp.*, 503 U.S. 131, 139 (1992).  The Court's civil contempt power is based in its inherent authority to enforce compliance with its orders and to conduct orderly proceedings.  *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001), *Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 737 (7th Cir. 1999).

To prevail in this motion, Doe must only establish that: "(1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *Shales v. T. Manning Concrete, Inc.*, 847 F. Supp. 2d 1102, 1114 (N.D. Ill. 2012), *quoting, W. Bend Mut. Ins. Co. v. Belmont St. Corp.*, 2010 U.S. Dist. LEXIS 136267, at *39 (N.D. Ill. Dec. 23, 2011); *see also Dowell*, 257 F.3d at 699.

   IV. **Application**

Given the repeated attempts to disclose the identity of Doe in this case, the after-hours nature of the filing, and similar behavior in the past, Doe is forced to seek the assistance of this Court to ensure it does not happen again.  Court Orders have been shown to be insufficient to do so with Malibu.  Utilizing the four-part *Shales* test, Doe easily meets his burden to show Malibu should be held in contempt and ordered to show cause why it should not be sanctioned.  Per that test:

3

(1) It cannot be credibly argued that the Court's Order was ambiguous. It is plainly written and granted a single-purpose motion. Moreover, Malibu has twice sought leave to disclose Doe's identity, and was denied each time. (ECF Docs. 87 & 119). Malibu knows it cannot disclose Doe's identity.

(2) Doe's name clearly appeared in the documents. (ECF Doc. 152-4). It was referenced in the Statement as being authored by Doe. (ECF Doc. 152, ¶ 9). The Order was violated.

(3) Malibu's naming of Doe was a significant violation of the Order. In the unopposed Motion seeking entry of the Order, Doe explained the possibility of leveraging embarrassment into settlements. Publicly outing Doe did not *arguably* violate the Order or violate *only part* of the Order. Rather, Malibu's behavior was in direct contravention of the only dictate of that Order, to wit, do not publicly name Doe.

(iv) It would be incredible to claim that Malibu acted reasonably and with diligence. It is eminently reasonable – and required – to review documents prior to filing. Doing so would reveal Doe's name. Moreover, simply using the search function on any PDF viewing software, *i.e.* pressing Control+F, allows for a search of Doe's name, obviating the need to actually read the document. It is apparent that there was no reasonably diligent effort here.

An appropriate sanction is meant "to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Met. Hockey Club*, 427 U.S. 639, 643 (1976). Given Malibu's repeated violation of similar orders and its self-professed desire to publicly name Doe in this very case, it is clear that Malibu is "tempted to such conduct in absence of such a deterrent." Accordingly, a sanction is warranted. Failing to appropriately sanction Malibu will only condone such behavior in the future.

## IV. Conclusion

In light of the foregoing, it is apparent that Malibu Media, LLC has violated this Court's Order. It should be ordered to explain why it should not be sanctioned. Given Malibu's history in this case, and others, this Court sanction Malibu to prevent further violations.

WHEREFORE, JOHN DOE subscriber assigned to IP Address 24.14.81.195 respectfully requests that this Honorable Court:

A. Find Malibu Media, LLC in contempt of the order of the Court (ECF Doc. 17) if it cannot explain its failure to obey the Order;

B. Award Doe the costs of bringing this Motion; and

C. Any other relief this Court deems equitable and just at this time.

Respectfully submitted,

/s/Jonathan LA Philips
Jonathan LA Phillips
Shay Phillips, Ltd.
456 Fulton St.
Ste. 255
Peoria, IL 61602
309.494.6155
jphillips@skplawyers.com
ARDC No. 6302752

Erin K. Russell
The Russell Firm
233 S. Wacker Dr.
84th Floor
Chicago, IL 60606
312.994.2424
erin@russellfirmchicago.com

| Certificate of Service |
|---|

I certify that on April 21, 2015 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips