UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | Case No. 1:14-cv-493 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| JOHN DOE, | : | |
| | : | |
| Defendant. | : | |

**ORDER:  (1) GRANTING PLAINTIFF'S SECOND MOTION FOR EXTENSION
OF TIME TO COMPLETE SERVICE OF PROCESS (Doc. 22);
(2) DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 23); AND
(3) WITHDRAWING THE ORDER TO SHOW CAUSE (Doc. 27)**

This civil action is before the Court on (1) Plaintiff's second motion for extension

of time to complete service of process (Doc. 22), (2) Defendant's motion to dismiss (Doc.

23) and Plaintiff's responsive memorandum (Doc. 28), and (3) the Court's Order to Show

Cause (Doc. 27) and the parties' responsive memoranda (Docs. 29, 30).

## I.        STATEMENT OF THE CASE

Like it has in hundreds of cases in this district and thousands nationwide, on June

13, 2014, Plaintiff Malibu Media, LLC filed a complaint against a John Doe Defendant

identified only by an Internet Protocol address ("IP address").  (Doc. 1).  Malibu Media

alleged that the internet subscriber assigned IP address 65.189.10.120 used the BitTorrent

file distribution network to infringe thirty of Malibu Media's copyrighted works.  (*Id.*)

Specifically, Malibu Media owns copyrights for pornographic movies.  (*Id.*, Ex. A).

Simultaneously with filing its complaint, Malibu Media filed a motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference.  (Doc. 2).  Malibu Media and its contractors are able to identify the IP address of an alleged infringer, which is assigned by the subscriber's Internet Service Provider ("ISP"), as well as the subscriber's ISP and approximate geographic location.  However, only the ISP knows the identity of the subscriber assigned a specific IP address, information the ISP will not voluntarily provide to third parties such as Malibu Media.  Accordingly, Malibu Media can only obtain the subscriber's identity by serving the ISP with a third-party subpoena.  The Court granted Malibu Media's motion for leave on June 16, 2014.  (Doc. 4).

Malibu Media served the ISP with a third-party subpoena on June 19, 2014.  (Doc. 22 at 1).  On August 22, 2014, counsel representing the internet subscriber assigned IP address 65.189.10.120 filed a motion to quash.  (Doc. 8).  After briefing on Defendant's motion to quash was completed, Malibu Media filed its first motion for an extension of time to complete service on October 13, 2014.  (Doc. 15).

On January 21, 2015, the Court denied Defendant's motion to quash and granted Malibu Media's motion for an extension of time to complete service.  (Doc. 20).  The Court ordered Malibu Media to complete service of process by February 28, 2015.  (*Id.* at 15).  Additionally, the Court noted Malibu Media's indication that it would not object to Defendant proceeding anonymously.  (*Id.* at 15).  Accordingly, the Court directed Malibu Media to file the summons and its return under seal if they disclosed the Defendant's name and identifying information.  (*Id.*)

Malibu Media learned Defendant's identity on February 2, 2015.  (Doc. 28 at 2).

Malibu Media then proceeded to "carry out a due diligent [*sic*] investigation" to ensure

that it had a good faith basis to proceed against Defendant.  (*Id.*)

On February 25, 2015, Malibu Media filed a motion for leave to file its proposed

summons and summons return under seal, but did not request an extension of time to

complete service of process.  (Doc. 21).[1]  On February 26, 2015, the Court granted

Malibu Media leave to file under seal and established procedures to protect Defendant's

privacy interests.[2]  The Court expressly ordered Malibu Media to only include

Defendant's name and identifying information in the summons and a Reference List, with

both documents to be filed under seal.  All other documents, including the amended

complaint, were to refer to Defendant only as John Doe.  The Court also reaffirmed that

February 28, 2015 remained as the deadline for Malibu Media to complete service of

process.

---

[1] Malibu Media does not explain why it sought leave to file these documents under seal when the Court previously ordered the same.  (Doc. 20 at 15).

[2] The complete Notation Order provides:
This civil action is before the Court on Plaintiff's Motion for Leave to File Its Summons and Return of Service Under Seal or to Modify the Protective Order.  (Doc. 21).  For good cause shown, and pursuant to the Court's 1/21/15 Order (Doc. 20), Plaintiff is hereby GRANTED leave to file the proposed summons and its return under seal.  The Clerk is DIRECTED to issue the summons under seal.  The Court establishes the following procedure to balance Defendant's privacy interests with the presumption of open judicial proceedings.  Simultaneously with filing its proposed summons under seal, Plaintiff shall also file a Reference List and an amended complaint.  The Reference List, which shall be filed under seal, must contain Defendant's name and any other identifying information that Plaintiff deems necessary to the prosecution of its case, as well as an appropriate identifier that uniquely corresponds to each item listed.  See Fed. R. Civ. P. 5.2(g).  The amended complaint and all subsequent filings shall be publicly filed and must refer to Defendant only as John Doe and use the identifier provided in the Reference List for other identifying information.  The Court reaffirms the other directives set forth in the 1/21/15 Order.  (Doc. 20).

On Friday, February 27, 2015 at 6:31 p.m., Mr. Faroniya emailed Defense counsel requesting consent to a second motion for extension of time to complete service of process. (Doc. 23, Ex. B). On Monday, March 2, 2015, Malibu Media filed its second motion for extension of time without having received a response from Defense counsel. (Doc. 22). Malibu Media represented that it was "currently in the process of complying with" the Notation Order granting leave to file under seal. (*Id.* at 2). On March 11, 2015, Defendant filed an opposition to Malibu Media's second motion for an extension of time and a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 41. (Doc. 23).

On Friday, March 13, 2015 at approximately 8:00 p.m., Malibu Media filed an amended complaint, proposed summons, and Reference List. (Docs. 24, 25). The amended complaint was publicly filed and referred to Defendant only as John Doe, in compliance with the February 26, 2015 Notation Order. (Doc. 24). However, the proposed summons, which was filed as an exhibit to the amended complaint, and Reference List were also publicly filed and listed Defendant's name and address. (*Id.*, Ex. C; Doc. 25). The Reference List consisted of a main document and an attachment. (Doc. 25). The main document was titled Plaintiff's Notice of Filing Reference List To Amended Complaint Under Seal, with the actual Reference List containing Defendant's name and address attached as an exhibit.

Shortly after filing the documents, Malibu Media's counsel left a voice message on the Clerk's after-hours line advising of his error. The Clerk sealed the Reference List on March 13, 2015 at 10:25 p.m. The proposed summons was sealed by Chamber's staff on March 14, 2015 at 11:30 a.m.

On March 15, 2015, Defendant filed a motion for an order to show cause why Malibu Media and its counsel Yousef Faroniya should not be held in contempt.  (Doc. 26).  On March 16, 2015, the Court concluded that Defendant had established a *prima facie* case that Malibu Media and Mr. Faroniya had violated a definite and specific order of the court and ordered them to show cause in writing why they should not be sanctioned or held in contempt.  (Doc. 27).

Malibu Media responded to the Order to Show Cause on March 20, 2015.  (Doc. 29).  The response included an attached email sent by Jennifer Deleon, a paralegal at Lipscomb, Eisenberg & Baker, PL, a law firm in Miami, Florida.  (*Id.*, Ex. A).  Deleon sent the email on March 12, 2015 to Mr. Faroniya and Emilie Kennedy, an associate at Lipscomb, Eisenberg & Baker.  (*Id.*)  The email states:

> Hi Yousef,
> Please file the Amended Complaint & Exhibits as usual.
> *The rest of the documents should be filed under seal.*  These include the
> SOH54 Notice of Filing (optional—not sure if this is necessary), Reference
> List and proposed summons.
> Full instructions are below.

(*Id.*) (emphasis and highlighting in original).  The February 26, 2015 Notation Order was copied at the bottom of the email.  (*Id.*)

## II.    SERVICE OF PROCESS

A Rule 12(b)(5) motion asserts the defense of insufficient service of process.  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  It is clear that "the requirement of

proper service of process is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). Malibu Media "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban County Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).[3] Rule 4(m) provides in pertinent part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Malibu Media bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Upon a showing of good cause for the failure to effect timely service, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank*, 217 F.R.D. 405, 408 (S.D. Ohio 2003).

"Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-

---

[3] *See also McGath v. Hamilton Local Sch. Dist.*, 848 F. Supp. 2d 831, 836 (S.D. Ohio 2012) ("When service of process is challenged, the burden rests with the plaintiff to establish that service is properly made.").

supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999).  The Court should consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Defendant argues that Malibu Media has not shown good cause for a second extension of time and that the amended complaint should be dismissed with prejudice for failure to prosecute.  Although Malibu Media has not proceeded with the utmost diligence, it also has not exhibited the level of dilatory conduct that would justify dismissal for failure to prosecute.  The ISP did not respond to the third-party subpoena until the Court denied Defendant's motion to quash.  Accordingly, the delay in effecting service prior to February 2, 2015 is not attributable to Malibu Media.[4]  Defense counsel has represented that he is authorized to accept service on behalf of his client and Malibu Media represents that it will "immediately effectuate service through Defendant's attorney."  (Doc. 28 at 3).  On that basis, the Court grants Malibu Media's second motion for extension of time and denies Defendant's motion to dismiss.  If Malibu Media fails to complete service within seven days after the issuance of the summons, the Court will

---

[4] The Court wholly rejects Malibu Media's contention that "a multitude of other applicable deadlines in other cases" supports a showing of good cause for an extension of time.  (Doc. 28 at 5).  As is its right, Malibu Media has filed hundreds of cases in this district to enforce its copyrights.  However, Malibu Media will not be heard to complain about the deadlines that arise from those actions.

dismiss this action with prejudice for failure to prosecute.  Malibu Media shall file proof of service forthwith.

### III.    CIVIL CONTEMPT

"[A] civil contempt ruling either attempts to coerce compliance or compensate the complainant for losses" and its overarching purpose is to "enforce the message that court orders and judgments are to be taken seriously."  *Elec. Workers Pension Trust Fund of Local Union # 58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 383, 385 (6th Cir. 2003).  The Court's discretion in civil contempt proceedings "includes the power to frame a sanction to fit the violation."  *Id.* at 385.

"The movant in a civil contempt proceeding bears the burden of proving by clear and convincing evidence that the respondent 'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'"  *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2006) (quoting *Glover v. Johnson,* 934 F.2d 703, 707 (6th Cir. 1991)).  The Order at issue must be "clear and unambiguous," with any ambiguity resolved in favor of the party charged with contempt.  *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996).  If a *prima facie* case is established, then "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order."  *Gary's Elec. Serv. Co.*, 340 F.3d at 379.  Because the issue here is a failure to comply with a court order, the appropriate inquiry is whether Malibu Media and Mr. Faroniya "took all reasonable steps within their power to comply with the court's order."  *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989).

Malibu Media and Mr. Faroniya do not dispute that two documents containing Defendant's name were publicly filed in violation of two Orders directing that such information be filed under seal.  Nor do they allege that the violation resulted from an ambiguity in the language of the Orders or an inability to comply.  Mr. Faroniya takes full responsibility and offers his lack of intent and remedial efforts as mitigating factors.[5]

The Local Rules provide specific and detailed instructions for filing documents under seal.  S.D. Ohio Civ. R. 79.3.  Counsel seeking to file documents under seal are generally required to submit the documents to the Clerk in person or by mail.  In almost every case, counsel have little trouble complying with these procedures.  Any questions are usually resolved by a simple telephone call to the Clerk's office.  Mr. Faroniya does not explain why he believed he could electronically file the documents under seal.[6]  This is not a situation where Mr. Faroniya merely neglected to select the option to file under seal.  Instead, Mr. Faroniya attempted to electronically file a sealed document when all sealed documents are required to be submitted to the Clerk's office for filing.  He offers no explanation for this.

Civil contempt sanctions are "penalties designed to compel future compliance with a court order, [and] are considered to be coercive and avoidable through obedience."  *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).  Here, the

---

[5] The attached e-mail reveals that persons at the law firm of Lipscomb, Eisenberg & Baker drafted the amended complaint and Reference List for Mr. Faroniya to file.  This practice does raise the suspicion that perhaps this filing was also drafted for Mr. Faroniya to file.

[6] In consultation with the Clerk's office, the Court has since instituted special procedures permitting counsel to electronically file documents under seal.  However, these procedures were announced and implemented after the events at issue here.

Court determines that holding Malibu Media or Mr. Faroniya in civil contempt would not achieve the purposes of coercion or compensation.  The Orders at issue require counsel to maintain Defendant's anonymity in public filings with the Court.  The Court is able to directly monitor future compliance with this requirement.  Coercion of future compliance is usually appropriate when the required act occurs outside the purview of the Court, such as continued compliance with an injunction or payment of a judgment.  Here, the Court will be able to monitor future compliance.

Defendant also has not shown that he suffered any actual loss to compensate. Monetary sanctions may be used as a "compensatory tool" in civil contempt proceedings to remedy "actual loss."  *Gary's Elec. Serv., Co.*, 340 F.3d at 385 (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947))).  Defendant's name and address were publicly available on the Court's docket for, at most, fifteen-and-a-half hours, from Friday, March 13 at 8:00 p.m. to Saturday, March 14 at 11:30 a.m. Defendant does not present any specific grounds to suggest that anyone actually learned his identity in this time.  Additionally, Defendant does not have an inherent right to proceed anonymously.  With the consent of Malibu Media, the Court took the unusual step of permitting Defendant to proceed anonymously.  It is undisputed that Malibu Media violated a procedural protection that it proposed and that this purported gesture of good faith rings hollow if it is not followed in practice.  However, the drastic sanction of holding Malibu Media or Mr. Faroniya in civil contempt is not the appropriate response from the Court.

"[W]hen confronted with actions that may not fall within the court's contempt power, this inherent power to maintain respect and decorum grants courts the flexibility to equitably tailor punishments that appropriately fit the conduct." *In re Smothers*, 322 F.3d 438, 442 (6th Cir. 2003). Here, Mr. Faroniya publicly named Defendant in court filings in violation of two Orders directing him to file that information under seal. This Order publicly describes Mr. Faroniya's transgression and his inability to comply with a clear directive. The Court concludes that further action is not appropriate for this particular instance.

The Court trusts that Malibu Media, Mr. Faroniya, and Lipscomb, Eisenberg & Baker have received the message. Lest there be any confusion, future misconduct or violation of Court orders, which is not limited to the particular misconduct at issue here, in this or any other action will likely result in the imposition of monetary sanctions.

## IV. CONCLUSION

Wherefore, for these reasons, Plaintiff's second motion for extension of time (Doc. 22) is **GRANTED**, Defendant's motion to dismiss (Doc. 23) is **DENIED**, and the Court's Order to Show Cause (Doc. 27) is **WITHDRAWN**. The Clerk is **DIRECTED** to issue a summons forthwith. Malibu Media shall serve Defense counsel within **SEVEN DAYS** of issuance and file proof of service forthwith. Malibu Media is advised that failure to timely complete service of process and file proof of service will lead to dismissal with prejudice.

**IT IS SO ORDERED.**

Date:  5/26/2015                    /s/Timothy S. Black
                                    Timothy S. Black
                                    United States District Judge